ALBERT G. F. KUROWSKI, Appellant, v. FARLEY SHAPIRO, Respondent.— Order granting the defendant's motion to compel the plaintiff to amend his complaint so as to join the Travelers Insurance Company as a party plaintiff reversed on the law, with ten dollars costs and disbursements, and motion denied, with ten dollars costs. The Travelers Insurance Company is not a necessary party to this action since a cause of action to recover damages for a personal injury cannot be transferred and cannot be split. (Gen. A. F. & L. Assur. Corp. v. Zerbe Const. Co., 269 N. Y. 227; Dickinson v. Tysen, 125 App. Div. 735.) Hagarty, Carswell, Johnston, Adel and Close, JJ., concur.

THE OLD CLARENDON RESTAURANT, INC., JAMES F. MATTHEWS and MARIO PEROTTI, Respondents, v. LOUIS ROOSSIN SODA FOUNTAIN Co., INC., Appellant.— Order revoking submission to arbitration affirmed, without costs. No opinion. Hagarty, Carswell, Johnston, Adel and Close, JJ., concur.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. LOUIS OLSTEIN, Also Known as LOUIS OLSTEN, Appellant.— In an action prosecuted in the County Court of Kings county by indictment returned against the defendant-appellant, charging him with the crimes of burglary in the third degree and grand larceny in the first degree, he pleaded not guilty. Thereafter he was permitted to, and did, withdraw that plea and pleaded guilty to burglary in the third degree only. He was a third felony offender. Thereafter he was sentenced lawfully under an indeterminate sentence to imprisonment at the State prison in Sing Sing, the maximum of such imprisonment to be twenty years and the minimum thereof ten years. The judgment of conviction was rendered October 26, 1936. Subsequently, and, therefore, after judgment, he made an application to the County Court for an order permitting him to withdraw his plea of guilty to burglary in the third degree and to set aside the sentence thus imposed upon him. The motion was denied. He appeals, by notice of appeal dated December 9, 1936, from the order denying that motion and also from the judgment and sentence. Appeal from judgment and sentence dismissed; appeal from order dismissed. No appeal lies from a sentence. The appeal from the judgment was not taken in time. (Code Crim. Proc. §§ 517, 521.) The order is not appealable directly. (Code Crim. Proc. § 517; People v. Grout, No. 1, 166 App. Div. 220.) Indeed, it is not appealable at all (Code Crim. Proc. § 517, read in connection with § 485 of the same Code), because such an order and the proceedings leading thereto are not enumerated as parts of the judgment roll in a criminal action, contemplated by section 485. Section 517 specifies the only appeal and method of review available to the defendant in a criminal action, and under its provisions orders (within the purview of section 485) may be reviewed only as intermediate orders incidental to and upon an appeal from the judgment of conviction and not by a direct appeal independent from a judgment of conviction. (People v. Grout, supra.) Here in legal effect there was no appeal from the judgment, because the purported appeal therefrom was not taken in time. Hagarty, Davis, Johnston and Taylor, JJ., concur; Close, J., concurs in result.