## (January 17, 1944.)

THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, v. CHESTER A. WAGNER and CURTIS J. PURGESON, Defendants.— Application pursuant to subdivision 3 of section 520 of the Code of Criminal Procedure for permission to appeal to the Court of Appeals from an order of the County Court of Westchester County dismissing defendants' appeal from an order made by a Justice of the Peace, which denied their motion to withdraw a plea of guilty to the crime of assault in the third degree and to proceed to trial. The application is denied by Presiding Justice Close. The order is not appealable. (*People* v. *Olstein,* 252 App. Div. 795; *People* v. *Joyce,* 4 N. Y. Cr. Rep. 341; 41 Hun 641; Code Crim. Pro. §§ 517, 520, 749, 750, 751.)

ROSE FORMAN et al., Plaintiffs, v. DANIEL A. UDELL, Appellant, ROBERT B. STEARNS et al., Defendants-Respondents, et al., Defendants.— Action by plaintiff Rose Forman to recover damages for personal injuries sustained by reason of the falling of a ceiling, and by her husband for medical expenses and loss of services. The respondents, who held title or represented the owner of the building, have demanded judgment over against a codefendant, the appellant, by cross complaints included in their answer. Order denying motion of appellant to dismiss the cross complaints for insufficiency affirmed, with ten dollars costs and disbursements. The complaint sets forth various theories of liability in seeking recovery against the different defendants. A jury could return a verdict for plaintiff either on a theory which would preclude a judgment over in favor of respondents against appellant or on one which would entitle them to such judgment. In the interest of justice and to avoid a multiplicity of litigation, all the issues should be litigated in the same action, and the issues between the appellant and respondents determined in accordance with the theory or theories of liability adopted by the jury, assuming that there be a verdict for plaintiff. An independent and subsequent action by respondents would involve a retrial and, possibly, an attempt to discern the theory of the original jury. All the issues should be determined in accordance with appropriate instructions by the court. (*Schwartz* v. *Merola Bros. Constr. Corp.,* 290 N. Y. 145.) Close, P. J., Hagarty, Carswell, Adel and Aldrich, JJ., concur. [See *post,* p. 905.]

LOUISE M. GOREY, as Administratrix of the Estate of MARTIN M. GOREY, Deceased, Respondent, v. AVENUE B AND EAST BROADWAY TRANSIT CO., INC., et al., Appellants.— In an action to recover damages for the wrongful death of plaintiff's intestate, who was struck by the corporate defendant's bus, judgment for plaintiff unanimously affirmed, with costs. No opinion. Present — Hagarty, Acting P. J., Carswell, Johnston, Adel and Lewis, JJ.