Carswell, Adel, Sneed and Wenzel, JJ., concur; Nolan, P. J., dissents and votes to dismiss the appeal, with the following memorandum: Appellant was indicted by the Grand Jury of Richmond County by an indictment returned January 25, 1929, by which he was charged with the crime of seduction in violation of section 2175 of the Penal Law. On February 4, 1929, he was arraigned and pleaded not guilty. On April 3, 1929, he was again arraigned, withdrew his plea of not guilty and pleaded guilty. On April 12, 1929, he was arraigned for sentence. The sentence was postponed to April 26, 1929. On April 13, 1929, appellant married the complaining witness. Thereafter, on April 26, 1929, he appeared for sentence and sentence was adjourned to May 3, 1929, when the court suspended sentence. In May, 1949, appellant moved for an order permitting him to withdraw his plea of guilty and for a further order dismissing the indictment. That motion was denied, on the ground that it was not made before judgment, and upon the merits, upon authority of Matter of Lyons v. Ward (272 App. Div. 120, affd. 297 N. Y. 617). Appellant has appealed from the order denying his motion and has urged upon this appeal that his motion was timely, upon the theory that a suspended sentence is not a final judgment of conviction, and that, consequently, his motion was made before judgment and should have been granted. Since appellant has a right of appeal only from a judgment, on a conviction, or from an order denying a motion to vacate a judgment of conviction (Code Crim. Pro., § 517), this appeal may not be entertained unless the order appealed from be considered as one denying a motion to vacate a judgment, and for the purpose of this appeal the suspended sentence be considered as a judgment. If we are to accept that view, the motion was properly decided, and the order appealed from should be affirmed. (Code Crim. Pro., § 337; Matter of Lyons v. Ward, supra.) The order appealed from, however, is not one which denies a motion to vacate a judgment, nor does appellant so contend. The order denies a motion for permission to withdraw a plea of guilty and for the dismissal of an indictment. Such an order is not appealable directly, but may be reviewed only upon an appeal from a judgment of conviction. (Code Crim. Pro., § 517; People v. Olstein, 252 App. Div. 795; People v. Wagner, 267 App. Div. 823; People v. Young, 264 App. Div. 747, and People v. Migliori, 271 App. Div. 798.)