49 So.2d 919

## PARNELL v. STATE.

### 6 Div. 955.

Court of Appeals of Alabama.

Dec. 19, 1950.

Rehearing Denied Jan. 9, 1951.

Horace C. Alford, of Birmingham, for appellant.

A. A. Carmichael, Atty. Gen., and Jas. T. Hardin, Asst. Atty. Gen., for the State.

HARWOOD, Judge.

This appellant's jury trial on an indictment charging assault with intent to murder resulted in a verdict of guilty. The court imposed on him a sentence of ten years in the penitentiary.

The evidence presented by the State consisted of the testimony of William Shorter, the victim of the alleged felonious assault. Shorter's testimony, if believed by the jury under the required rule, tended to show that he was waylaid

by the appellant on a street in Ensley and severely wounded by appellant firing a shotgun at him. Shorter testified that appellant called to him from an automobile, parked at the curb, and as he turned to see who was hailing him the appellant got out of the car with the shotgun and immediately shot him. Had death resulted, every element essential to sustain a conviction for murder was clearly deducible from Shorter's testimony.

The defense introduced several witnesses, including the defendant himself. The evidence presented by the defense was in hopeless conflict with that presented by the State. It was directed toward showing that Shorter, the victim, had waited on a street for appellant to pass in his automobile, had hailed him when he did pass, and after appellant had halted his automobile he had approached appellant with his hand in his pocket, cursing and threatening appellant as he came toward him. Appellant retreated to the rear of his automobile, obtained a shotgun in the trunk compartment, and shot Shorter. Appellant claimed that he had obtained the gun only that morning, it having been returned by a friend who had borrowed it to go hunting. Appellant did not attempt to explain why the gun happened to be loaded.

The appellant testified on his direct examination that he had previously been convicted of assault with a weapon.

■ All of the above of course merely presented a question of fact solely within the province of the jury to resolve. While the appellant presented a larger number of witnesses than did the State, this furnishes no basis for determining the weight to be accorded to the defense evidence. The jury saw and heard the witnesses testify. They were in far better position to evaluate the evidence than are we. The testimony of the injured party was abundant in its tendencies establishing every element of the offense charged. The trial court therefore properly refused the appellant's written request for the affirmative charge. Likewise, we would be unjustified in disturbing the trial court's ruling denying appellant's motion for a new trial on the grounds that the verdict and judgment was not supported by the evidence.

Appellant's counsel concedes in his brief that "the record is apparently free of objections on rulings on testimony." We have examined all such rulings and are in hearty accord with counsel's conclusions thereon as to absence of error in these rulings.

The trial court gave a full, clear and able charge to the jury, and also gave thirteen written charges at appellant's request. In fact the only charge refused appellant was the affirmative charge. This refusal we have already commented upon.

■ Counsel for appellant further argues that this cause should be reversed because the sentence of ten years imprisonment in the penitentiary imposed by the court is violative of Section 15 of our Constitution which prohibits excessive fines or cruel and unusual punishment. We find no merit in this contention. The punishment fixed for commission of the offense for which this appellant has been found guilty is imprisonment in the penitentiary for not less than two nor more than twenty years. Section 38, Title 14, Code of Alabama 1940.

Counsel also contends that the lower court erred in refusing the defendant the right to file an application for probation without first having complied with his oral motion timely made for an investigation and written report to be made to the court by a probation officer.

■ This review is to examine the proceedings. relative to appellant's trial, including the lower court's judgment entered therein. The matter here sought to be raised is dehors the proceedings here sought to be reviewed. Without intimating any validity to appellant's contention it is clear that he has mistaken his remedy in this respect. We might further add however that the record shows that the court did not preclude the appellant from making an application for probation, but specifically stated that appellant could make such application, but stated that such application would be denied. The record further contains a minute entry to the

effect that such application was made, and ordered referred to the State Probation officer for investigation. That the report was made, and having been considered by the court was denied.

In our opinion this record is free of any error probably injurious to the substantial rights of this appellant. It is thereby ordered affirmed.

Affirmed.