66 So.2d 567

## DAWSON v. STATE.

### 8 Div. 55.

Court of Appeals of Alabama.

Oct. 28, 1952.

Rehearing Denied Nov. 25, 1952.

Thos. C. Pettus, Moulton, for appellant.

Si Garrett, Atty. Gen., and Thos. F. Parker, Asst. Atty. Gen., for the State.

PRICE, Judge.

The indictment in this case charged appellant with manufacturing whiskey and possessing a still.

Defendant plead guilty to the charge contained in the indictment, and the court pronounced judgment and sentence. The sentence being one year and one day in the penitentiary.

Three days later defendant, by his counsel, filed a motion praying that "the court will grant him leave and permission to withdraw his plea of guilty entered in this cause, and will further allow and permit him to enter a plea of not guilty thereto."

The basis of the motion was that defendant was without counsel at the time he entered the plea of guilty and was sentenced; that he is ignorant and illiterate, having finished only the second grade in school, and that he has been classed by some as being moronic and feeble minded; that he entered his plea of guilty because he was

advised that if he would enter the military service of the United States he would be placed on probation, or the cases against him would be disposed of in some way so that he would not have to go to the penitentiary. But after he plead guilty he was informed he was not eligible for probation and was refused admittance into the armed services because of his lack of education.

He further deposed that he entered a plea of guilty because of his presence at the still, and since he has employed counsel he has learned that the mere presence of one at a still, not his own, located on lands not his own, and at which he is not working and has not worked, is not a violation of the law.

On the hearing defendant's evidence in support of the motion was uncontroverted.

The court entered an order denying the motion.

No appeal was taken from the judgment of conviction, this attempted appeal being from the order of the court overruling the motion to set aside the plea of guilty.

 The right of appeal is wholly statutory. Under our statute an appeal is authorized in criminal cases only from a judgment of conviction. Title 15, Sec. 367, Code 1940; Allen v. State, 141 Ala. 35, 37 So. 393; Smith v. State, 253 Ala. 277, 44 So.2d 250, and cases cited. And Title 7, Sec. 764, gives a defendant a right of appeal from an adverse decision on a motion for a new trial. Cobb v. Malone, 92 Ala. 630, 9 So. 738; Ewart Lumber Co. v. American Cement Plaster Co., 9 Ala.App. 152, 62 So. 560; Emerson v. State, 241 Ala. 383, 4 So.2d 186.

In the absence of statutory provision a ruling on a motion to set aside the judgment of conviction and permit appellant to withdraw his plea of guilty and substitute a plea of not guilty is not an appealable order. Bensen v. U.S., 9 Cir., 93 F.2d 749; People v. Olstein, 252 App.Div. 795, 299 N.Y.S. 165; 24 C.J.S., Criminal Law, § 1656, footnote 38(1).

Since there was no appeal from the judgment of conviction and no appeal lies from the order of the court denying the motion, this court is without jurisdiction to review the case, and the appeal must be dismissed.

Appeal dismissed.