84 So.2d 777

### Herman HALL

v.

### STATE.

### 4 Div. 306.

Court of Appeals of Alabama.

Nov. 1, 1955.

Rehearing Denied Nov. 22, 1955.

J. N. Mullins, Dothan, for appellant.

. John Patterson, Atty. Gen., Robt. Straub, Asst. Atty. Gen., Edmon L. Rinehart, Montgomery, of counsel, for the State.

HARWOOD, Presiding Judge.

Under an indictment charging assault with intent to murder this appellant's jury trial resulted in a verdict of guilty of assault and battery. Judgment of guilty and punishment was entered pursuant to the verdict.

For the State Jack Hall testified that he was driving his automobile along a road that led by appellant's home. His speed was about 40 miles per hour. He observed the appellant at a fence near the road.

According to Hall:

"When I first saw him he was squatted down facing west. He got up and turned around facing me and whenever I got even with him he turned around to me and made a swing with something in his hand—threw it. I threw my arm up to knock it off and it hit me on the arm and on the jaw."

Hall suffered a fractured jaw, four teeth were knocked out, and a "hole" was knocked in his jaw. He was under medical treatment for some 8 to 12 weeks, during which time Dr. S. W. Windham removed a piece of charred wood "about the size of two or three match heads" from the wound.

Hall's car continued down the road after he was struck some 150 yards, ran across a shallow ditch and stopped.

The appellant, his wife, daughter, and Wilmer Holloway were the principal witnesses for the defense. Their testimony was directed toward establishing that the appellant was working on a gate at the time Hall passed in his automobile and that appellant did not throw or hurl anything at him.

Counsel for appellant has directed his argument toward the sufficiency of the evidence to support the verdict and judgment. His argument attacks the sufficiency of the State's evidence chiefly because the defense presented several witnesses, while Hall was the only material witness to the offense presented by the State. The respective versions thus recounted are in hopeless conflict. However, as we stated in Parnell v. State, 35 Ala.App. 532, 49 So.2d 919, 920:

"All of the above of course merely presented a question of fact solely within the province of the jury to resolve. While the appellant presented a larger number of witnesses than did the State, this furnishes no basis for determining the weight to be accorded to the defense evidence. The jury saw and heard the witnesses testify. They were in far better position to evaluate the evidence than are we. The testimony of the injured party was abundant in its tendencies establishing every element of the offense charged. The trial court therefore properly refused the appellant's written request for the affirmative charge. Likewise, we would be unjustified in disturbing the trial court's ruling denying appellant's motion for a new trial on the grounds that the verdict and judgment was not supported by the evidence."

Counsel for appellant further argues that Hall's testimony as to the occurrence can be shown mathematically to be untrue, in that an automobile travelling 40 miles per hour goes 116 feet per second, and therefore if a missile was hurled by appellant at the time Hall was "even" with appellant it would have had to travel at least 116 feet to have struck him.

We have not checked these figures, and do not dispute their accuracy.

However, this same argument was apparently made before the learned trial judge on the motion for a new trial. In his written opinion denying the motion the trial judge observed:

"Based upon such location and the speed of the car counsel argues that the defendant could not have thrown the missile and hit the injured party as he swore was done. But counsel overlooks the fact that the injured party's testimony was probably based on estimate rather than on mathematical accuracy that he was even with defendant. The word even can be and in this case was used relatively and not with mathematical accuracy."

We are in accord with the conclusions of the trial judge as above expressed.

Further, it is undisputed that Hall received a very severe wound on his jaw. Hall testified that the wound resulted from a missile hurled at him by the appellant. These are the salient facts that cannot be dimmed by resort to mathematical niceties. At least the jury so concluded. We find no basis for disturbing the verdict or judgment on the grounds asserted.

The record is otherwise free from error, and this cause is due to be affirmed.

Affirmed.

## On Rehearing

HARWOOD, Presiding Judge.

In his application for rehearing counsel for appellant finds fault with our statement that Hall's car continued some 150 yards after he was struck.

One of appellant's principal witnesses, Wilmer Holloway, who, according to his testimony, was present with appellant when Hall's car passed, testified that Hall's car stopped "approximately 100 or 150 yards" from where appellant was working on the gate when Hall drove by.

Another witness for appellant, Walker Collins, who went to the scene a week later "he expects" though he didn't know, testified in detail as to the distance and course of travel of Hall's car after it left the road as evidenced by tire tracks in the adjoining field. According to this witness the car left the road 171 steps from the gate and made a circle in the field of some 53 steps.

 As to whether this witness' "steps" would materially alter Holloway's estimate of the distance in yards we of course do not know. However the distance and course of travel of Hall's car after he was struck sheds no light on the main issue, for whether he travelled 150 yards or 224 steps would be facts without probative force in determining whether appellant threw a missile at Hall.

Counsel has also extracted a sentence from the written opinion of the trial judge entered on the motion for a new trial, and argues its legal correctness. This sentence is not a part of the trial court's opinion which we quoted and approved.

We pretermit consideration of this contention, for we specifically set forth that part of the trial court's opinion of which we expressed approval, and our approval does not of course extend beyond such quoted portion.

Application overruled.