Benjamin Brenner, J.
Motion by third-party defendant (hereinafter called Westinghouse) to dismiss third-party complaint of the defendant (hereinafter called Blitz) for failure to state facts sufficient to constitute a cause of action. In the main complaint the plaintiff alleges that while he was working for Westinghouse, a subcontractor of the general contractor, Blitz, he fell in an elevator shaft and was injured by reason of the negligence of Blitz ‘ ‘ in allowing and permitting the elevator shaft and the door openings leading thereto to be and remain for a long time, to its knowledge, in a dangerous, careless, reckless and improper manner, without barriers, platforms or any other safety devices.”
*52 Plaintiff’s bill of particulars repeats the allegation as to Blitz’ negligence quoted above and adds the following: “ all in violation of the Labor Law of the State of New York and the rules and regulations of the Board of Standards and Appeals.”
Blitz claims that its negligence, if any, was only passive or derivative and if it is held liable to plaintiff, its liability will be based on the active primary negligence of Westinghouse. Westinghouse asserts that the negligence ascribed to Blitz by plaintiff in his complaint and bill of particulars squarely involves violations of section 241 of the Labor Law and related regulations which place certain affirmative and nondelegable duties upon owners and contractors engaged in the construction of buildings and that the failure to perform those duties constitutes active negligence precluding any recovery over therefor. Westinghouse also urges that under its contract with Blitz the latter expressly assumed the duty of protecting the hoistways during the installation of the elevators and that duty was disclaimed in the contract by Westinghouse; thus, it argues, Blitz cannot charge Westinghouse with primary responsibility for the failure to do an act which Blitz itself had expressly agreed to undertake.
The impleading of a third party charged with active negligence is allowed if the original complaint can reasonably be interpreted as including an allegation of passive negligence (Putvin v. Buffalo Elec. Co., 5 N Y 2d 447, 455). If, as Westinghouse contends, plaintiff’s proof would be limited by his pleading to section 241 and the regulations of the Board of Standards and Appeals applicable thereto, then the only charge against Blitz would be that of a primary active tort-feasor, not entitled to indemnification under common law. (Rufo v. Orlando, 309 N. Y. 345; Semanchuck v. Fifth Ave. & 37th St. Corp., 290 N. Y. 412.) However, as the complaint and bill of particulars are now constituted proof of violations other than those specified in section 241 are available to the plaintiff among which are those which come within the purview of the general provisions of section 200 of the Labor Law. Under the latter section, unlike section 241, a violator is not, per se, an active tort-feasor and if his negligence is merely passive, indemnity may be sought by him from the active tort-feasor. (Chideckel v. Dime Sav. Bank of Williamsburg, 103 N. Y. S. 2d 616.) Section 200 does not come within the purview of the principles of indemnity, as expressed, with respect to section 241. The Court of Appeals has clearly limited the principles to section 241 itself. In Wischnie v. Dorsch (296 N. Y. 257, 261) it said: “ We also concluded, and it seems to have been overlooked, that toe should not extend such rule to other fields not included in its scope *53 (Labor Law, § 241), but leave those situations to be controlled by the rules and standards antedating the statute.’’ (Emphasis supplied.)
It was, I believe, suggested on oral argument, that where the violation of section 200 of the Labor Law arises in the course of a demolition or construction project, the violation is interrelated with and within the scope of section 241 and should, accordingly, bear the same rules of indemnity as does section 241. This suggestion in my view is unsound and was inferentially rejected in Zucchelli v. City Constr. Co. (4 N Y 2d 55).
I am not unmindful of the case of Reilly v. Herman Contr. Co. (89 N. Y. S. 2d 632) where it is said that a breach of duty imposed by sections 200, 241 and 241-a of the Labor Law has been held to constitute active negligence. Semanchuck (supra) is cited as authority for that statement. However, on close examination, I find that Semanchuck does not so hold as to section 200. Accordingly, my view remains unaltered that a person violating that section is not, per se, an active tort-feasor.
It is well settled that impleader is proper where the complaint alleges facts upon the proof of some of which defendant might be primarily liable for active negligence and upon proof of others of which defendant might be held secondarily liable for passive negligence. (Forman v. Udell, 267 App. Div. 823; Logan v. Bee Builders, 277 App. Div. 1040; Putvin v. Buffalo Elec. Co. (5 N Y 2d 447, supra.) Since the allegations of the complaint and bill of particulars do not limit plaintiff’s proof to acts which as a matter of law are deemed active negligence, the motion is denied.
Settle order on notice.