WALTER ROMANOFF, Plaintiff, v. BENJAMIN EISENBERG Co., INC., Defendant.

Supreme Court, Special Term, Suffolk County, July 5, 1961.

Charles G. Tierney (Eugene J. Blumber of counsel), for third-party defendant. Jack Stanislaw for plaintiff. Bernard Helfenstein for third-party plaintiff.

HENRY M. ZALESKI, J. This is a motion by the third-party defendant to dismiss the third-party complaint for insufficiency and impropriety of impleader.

Plaintiff, Romanoff, at the time of the accident, was an employee of Koslow. Koslow was a subcontractor of Eisenberg, the owner and general contractor engaged in construction of certain premises in the Town of Huntington. The correct name of the defendant designated as Eisenberg apparently is Vanderbilt Estates, Inc., and will be so-called herein.

After commencement of the action against Vanderbilt alone that defendant served a third-party summons and complaint on Koslow. The theory of the third-party complaint is that if Romanoff recovers from Vanderbilt then Koslow is liable over to Vanderbilt.

It appears to be settled that, if under the allegations of the main complaint, the defendant may be held responsible to the plaintiff for active negligence only, impleader is improper. (Putvin v. Buffalo Elec. Co., 5 N Y 2d 447; Messaro v. Long Is. Rail Road Co., 274 App. Div. 939; Bush Term. Bldgs. Co. v. Luckenbach S. S. Co., 9 N Y 2d 426.) On the other hand, if the principal complaint can be read as charging the defendant with passive negligence, the third-party complaint will withstand a motion to dismiss (Monteverdi v. French Realty Corp., 274 App. Div. 945; Marzella v. Carlson Hoist & Mach. Co., 280 App. Div. 955).

Herein the complaint alleges that plaintiff was an employee of Koslow, a subcontractor engaged by Vanderbilt to finish walls and ceilings in residences being constructed by Vanderbilt. There is no allegation that Vanderbilt was supervising plaintiff's work, but there is a charge that Vanderbilt " controlled and

maintained the said premises and the performance of its work as contractor ''. Precisely what is intended by the use of the word '' its '' is unclear. The court believes that the intended meaning is that Vanderbilt controlled and maintained the performance of its own work as contractor, not the work of the plaintiff. Continuing, the complaint in paragraph Seventh alleges that plaintiff, while working '' in accordance with the instructions of the defendant '', fell from a scaffold and was injured. The reason for the fall is stated in the same paragraph to be '' the recklessness, carelessness and negligence of the defendant * * * in the control, performance, management, conduct and maintenance of its work which caused the said scaffolding '' to give way and throw plaintiff to the floor.

Paragraph Ninth of the complaint specifies four charges of Vanderbilt's alleged fault, to wit: (1) in cleaning and maintaining the area about the scaffold in such a careless manner that a section of sheet rock lying on the floor became lodged under a leg of one of the horses supporting the scaffolding; (2) in failing to conform to the requirements of the Labor Law; (3) in failing to provide a safe and proper place to work; (4) in failing to give plaintiff notice or warning '' of the dangerous condition of the scaffolding which the defendant had created and which the plaintiff used in the performance of his work ''. There is also a general charge that defendant was '' further negligent and reckless and careless ''.

Clearly with respect to the first above-enumerated allegation of negligence, Vanderbilt is charged as an active tort-feasor. With respect to the specifications of negligence designated in the preceding paragraph as (3) and (4) the court considers that they too charge Vanderbilt with active negligence, although the language used is passive in tone. The sense of the allegation of failure to provide plaintiff with a safe place to work, when read in — not out of — context, is that Vanderbilt created the unsafe place. Such an act amounts to active, not passive, neglect. Similarly, the failure to give notice of the dangerous condition is active negligence, assuming as is alleged in the bill of particulars, that defendant had knowledge of the dangerous condition (cf. *Kalkin* v. *Marken,* 87 N. Y. S. 2d 839, 840).

Romanoff has also charged Vanderbilt, as indicated by item of negligence denoted as (2) above, with failure to conform with the Labor Law of the State of New York. Elaborating on that allegation, the bill of particulars points to section 200 and subdivision 1 of section 240 of the Labor Law. Apparently, to substantiate this claim, under subdivision 1 of section 240 Romanoff alleges in paragraph Seventh that he was on the premises and

on the scaffold working " in. accordance with the instructions " of Vanderbilt. Under subdivision 1 of section 240 a person " directing another to perform labor  \*  \*  \*  shall furnish or erect  \*  \*  \*  scaffolding  \*  \*  \*  as to give proper protection  \*  \*  \*  to the person directed. Violation of this section has been held to constitute active negligence (*Chideckel* v. *Dime Sav. Bank,* 103 N. Y. S. 2d 616).

Section 200 of the Labor Law presents a different picture. It imposes a duty on the owner to provide an employee of a subcontractor with a safe place to work. Unlike sections 240 and 241, a violator of section 200 is not, per se, an active tort-feasor. If his negligence is passive merely, he may seek indemnity. (*Vassiliades* v. *Joseph P. Blitz, Inc.,* 22 Misc 2d 51.) On the pleadings before the court, it cannot be said as a matter of law that Vanderbilt's negligence, if any, was either active or passive. The third-party complaint charges Koslow with having constructed, set up and moved the scaffold in order to perform its work and alleges exclusive operation and control over the scaffold and the manner and method of performance of the work. If these facts are established, Koslow may well be the primary wrongdoer and at least in this regard, Vanderbilt only the secondary culprit.

In advance of trial, this court cannot say with certainty whether liability, if any, will be founded on Vanderbilt's active negligence or passive negligence, however narrow the the latter question may be. The issue should be determined by the trial court after all the evidence is presented and the factual picture clear. As long as there is some ground on which passive negligence may be predicated the motion should be and is denied. (*Forman* v. *Udell,* 267 App. Div. 823; *Tarantino* v. *Buck,* 6 A D 2d 894.)