RUDOLPH SILIA, Plaintiff, *v.* PETER KIEWIT SONS' Co., INC., et al., Defendants and Third-Party Plaintiffs. AUGUST BRASSARD STEEL ERECTORS, INC., Third-Party Defendant.

Supreme Court, Special Term, Queens County, July 11, 1962.

*Samuel P. Fensterstock* for plaintiff. *Cotter, Carey, Fox & McKay* for third-party defendant. *Mendes & Mount* for defendants and third-party plaintiffs.

GEORGE P. STIER, J.   In an action to recover damages for personal injuries, the third-party defendant moves to dismiss the third-party complaint for legal insufficiency.

The third-party complaint herein alleges two causes of action, one based on common-law indemnity and the other on an alleged written indemnity agreement.

The third-party defendant contends that the first cause of action in the third-party complaint is insufficient inasmuch as the complaint in the main action has charged the third-party plaintiffs with active negligence.   Thus, argues the third-party defendant, the third-party plaintiffs are not entitled to common-law indemnity.

With respect to the second cause of action in the third-party complaint, the third-party defendant contends that such cause of action does not set forth a contract provision which clearly and unequivocally states that the third-party defendant will indemnify the third-party plaintiffs for their own acts of negligence and thus the cause of action is insufficient in law.

Upon a motion such as this the court must consider the complaint in the main action as well as the third-party complaint since, if the allegations in the main complaint are sufficiently broad so that the third-party plaintiff will be held on the theory of passive negligence, the third-party complaint based on common-law indemnity will be legally sufficient.   In addition, if it cannot be determined with any degree of certainty whether the complaint in the main action is charging passive or active negligence or both, then the motion to dismiss the third-party complaint must initially be denied and the issue left for determination by the court on the trial.   (*McCants* v. *Wilmorite, Inc.,* 9 A D 2d 724; *Lyon* v. *Banks,* 8 A D 2d 823.)

The complaint in the main action herein has charged the third-party plaintiffs with a violation of the Labor Law and Industrial Code Rules of the State of New York (without specifying any particular section or rule) by allegedly failing to provide the plaintiff with a safe place to work in that, in substance, they negligently placed defective planks across iron beams.   Since the main complaint has failed to specify the sections of the Labor Law or rules of the Industrial Code Rules which were violated, it cannot at this time be determined with any degree of certainty whether the negligence charged in the complaint in the main action is passive or active, inasmuch as under the main complaint, as now pleaded, among other things, either a violation of section 241 of the Labor Law may be established, in which event the violator is per se an active tort-feasor, or a violation of section 200 of the Labor Law may be established, in which event

the violator is not per se an active tort-feasor and may be merely passively negligent. (*Vassiliades* v. *Joseph P. Blitz, Inc.*, 22 Misc 2d 51, affd. 13 A D 2d 539; *Romanoff* v. *Eisenberg Co.*, 35 Misc 2d 554.) Thus the court is of the opinion that the first cause of action is legally sufficient.

As to the second cause of action based on an alleged written indemnity agreement, only a brief excerpt therefrom is pleaded in paragraph '' Thirteenth '' of the third-party complaint and it does not appear to express a clear and unequivocal intention to indemnify the third-party plaintiffs from their own negligence. However, a written indemnity agreement need not contain express language referring to the negligence of the indemnitee, if the intention to indemnify can be clearly implied from the language and purposes of the entire agreement and the surrounding circumstances. (See *Salamy* v. *New York Cent. System*, 1 A D 2d 27, 29; see, also, *Jordan* v. *City of New York*, 3 A D 2d 507, affd. 5 N Y 2d 723.)

The entire agreement is not now before the court and it may be, when the entire agreement is read and the surrounding facts and circumstances considered, that an agreement sufficient to indemnify the third-party plaintiffs against their own negligence may be established. Since it cannot be determined in the present posture of the case whether there is a sufficient written indemnity agreement, the issue should be left to the trial court. (*Leone* v. *O. Roy Chalk 77th St., Inc.*, 27 Misc 2d 498.) In any event, it may be that the third-party plaintiffs will merely be held liable on the theory of passive negligence. Clearly the excerpt from the alleged written indemnity agreement, set forth in the third-party complaint, would be applicable. Under these circumstances the court is of the opinion that the second cause of action is legally sufficient. Accordingly, the motion is in all respects denied.