228 So.2d 862

**Bobby HUGHES, alias**

v.

**STATE.**

**8 Div. I.**

Court of Criminal Appeals of Alabama.

Oct. 21, 1969.

Rehearing Denied Nov. 25, 1969.

Bill Fite, Hamilton, for appellant.

MacDonald Gallion, Atty. Gen., and Richard F. Calhoun, Asst. Atty. Gen., for the State.

PRICE, Presiding Judge.

This appellant entered a plea of guilty and was by the court adjudged guilty of the offense of burglary in the second degree. His application for probation was denied. He gave notice of appeal from the

judgment of conviction and from the order denying his application for probation.

Counsel for appellant states in brief: "There appears to be two questions in this appeal: 1. Is the denial of the application for probation appealable? 2. Did the trial court abuse its discretion in denying the defendant's application for probation?"

■ We answer the first question in the negative. An appeal in a criminal case can be taken only from a judgment of conviction. Title 15, Sec. 367, Code 1940; Vick v. State, 156 Ala. 669, 46 So. 566; Law v. State, 238 Ala. 428, 191 So. 803; Rogers v. State, 39 Ala.App. 441, 104 So.2d 481, cert. den. 267 Ala. 697, 104 So.2d 482.

An order made after final judgment is not, in the absence of statutory provision, an order from which an appeal may be taken. Dawson v. State, 37 Ala.App. 16, 66 So.2d 567.

■ We hold that the order denying probation was not a final judgment from which an appeal may be taken.

The order denying probation is not reviewable upon the appeal from the judgment of conviction. Parnell v. State, 35 Ala.App. 532, 49 So.2d 919.

■ Since there is no appeal from the order denying probation, counsel's second question is not properly before us for consideration. However, Sparks v. State, 40 Ala.App. 551, 119 So.2d 596, points out that the granting or denial of probation is entirely within the discretion of the trial court.

The appeal from the order denying probation is dismissed. The judgment of conviction is affirmed.

Affirmed.