■ PRANAS LEIKA et al., Plaintiffs, v. NORBERT SHAU et al., Doing Business as BROOKSIDE MOTEL, Defendants and Third-Party Plaintiffs-Respondents. GEORGE S. HAYWARD, Doing Business as HAYWARD CONSTRUCTION Co., Third-Party Defendant-Appellant.— Appeal from an order of the Supreme Court at Special Term, entered August 2, 1971 in Warren County, which denied the motion of third-party defendant to dismiss the third-party summons and complaint. The action was instituted to recover for personal injuries and damages allegedly sustained when plaintiff Pranas Leika, an employee of third-party defendant, fell on April 25, 1968 while performing work on defendants' motel premises. The complaint states that said plaintiff, in order to disconnect certain electrical wires from a wooden pole on the premises, ascended a ladder placed against the pole and, upon the wires being disconnected, the pole broke and said plaintiff fell to the ground. Although the complaint contains assertions of active negligence, it alleges, among other things, that the negligence of defendants consisted in failing to provide plaintiff with a safe place to work in violation of section 200 of the Labor Law. If the defendant is alleged to be guilty of both active and passive negligence, impleader of the person claimed to be guilty of active negligence is proper, it being frequently difficult to determine whether a defendant's negligence has been active, but the omission or failure to perform a nondelegable type of duty (e.g., the duty of an owner of realty to furnish the injured party with a safe place to work) constitutes pas-

sive negligence entitling one to indemnity (*Putvin* v. *Buffalo Elec. Co.*, 5 N Y 2d 447, 455, 456). Appellant's reliance on *Seeley* v. *Water Dist. No. 3 of Town of Kirkwood* (30 A D 2d 984) is misplaced since this court was careful there to limit that decision to the particular pleadings under review, it being specifically noted: "Liability is not predicated, in this instance, upon ownership or some other fact giving rise to nondelegable duty and indemnifiable liability, but upon specific allegations of the creation of the dangerous condition and unsafe place by the defendants' own affirmative acts". A person violating section 200 of the Labor Law is not, per se, an active tort-feasor (*Vassiliades* v. *Joseph P. Blitz, Inc.*, 22 Misc 2d 51, affd. 13 A D 2d 539). In arriving at our decision, however, we do not decide the merits. Order affirmed, with costs. Herlihy, P. J., Staley, Jr., Cooke, Sweeney and Simons, JJ., concur.