L. S. MOORE, Supernumerary Circuit Judge.
The appellant was adjudged guilty of being a youthful offender and was committed to the custody of the Director of the Department of Corrections for two years, August 31,1973. Said sentence was suspended and appellant was placed on probation for three years on the same date as the sentence.
On April 9, 1975, the district attorney filed a motion to revoke his probation, alleging that on January 11, 1975, the appellant was arrested on a charge of robbery and later was indicted and the case is pending in the circuit court of Mobile County. That motion was heard and denied by the court. On November 24, 1975, the district attorney filed another motion to revoke appellant’s probation. That motion was heard on March 5,1976. On that hearing testimony of witnesses and other evidence was presented in open court. The appellant testified in his behalf that he entered a plea of guilty and was convicted and sentenced for petit larceny in Recorder’s Court. Other evidence on the hearing shows said conviction occurred on September 8, 1975.
On March 5, 1976 the court revoked the suspension of sentence and the appellant’s probation and ordered the appellant to serve the two years imposed with the Director of Corrections.
The appellant appeals from that judgment but does not file a brief on said appeal.
The Attorney General in brief contends first there was sufficient grounds for revoking the appellant’s probation after a full and complete hearing on the matter. With that contention we agree. The appellant had been convicted for petit larceny and was under indictment for robbery. The probation was conditional on good behavior. The appellant’s conduct did not come up to that condition.
The Attorney General in brief also contends the appellant does not have right of appeal from a judgment revoking his proba *465 tion. He cites Hughes v. State, 45 Ala.App. 250, 228 So.2d 862. In that case the defendant entered a plea of guilty and his application for probation was denied. He appealed from the judgment denying him probation and the court said:
“An appeal in a criminal case can be taken only from a judgment of conviction. . [and] [A]n order made after final judgment is not, in the absence of statutory provision, an order from which an appeal may be taken.”
The order denying probation was an exercise of discretion authorized by § 19 of T. 42, Code of Alabama, Recompiled 1958, and was not the real final judgment. The final judgment was the judgment of conviction and sentence. Not withstanding the opinion in that case an appeal should have been permitted from the judgment of conviction. That was a final judgment. But the court ignored the fact that the defendant had appealed from that judgment, and the case was disposed of on the ground an appeal cannot be taken from the judgment entry after conviction denying probation. With that we agree, however, the opinion is in error for affirming the judgment of conviction without considering the appeal from the judgment of conviction.
The case before us is different from Hughes, supra. In the instant case the defendant was granted probation and the execution of the sentence suspended. The final judgment that the sentence be executed, that is put in effect or operation, did not come until the judgment of revocation. Furthermore, a hearing is required to revoke probation and that would be an empty question unless some review on appeal could be had.
In McCain et al. v. Sheppard, 33 Ala.App. 431, 34 So.2d 225, the appellant’s probation was revoked by the circuit judge upon being informed that appellant had been convicted in the Federal Court on a charge of distilling. The circuit judge revoked his probation without a hearing. A warrant was issued for the appellant and he was arrested. A hearing was not contemplated. In the warrant was an order that the sentence imposed be served. The appellant filed a petition for writ of habeas corpus which was granted by the trial judge. The respondent and the State appealed. This court in that case affirmed the trial court and as to appeals in such cases had this to say:
“ ‘When a hearing is allowed but there is error in conducting it or in limiting its scope, the remedy is by appeal. When an opportunity to be heard is denied altogether, the ensuing mandate of the court is void, and the prisoner confined thereunder may have recourse to "habeas corpus to put an end to the restraint.’ ”
We, therefore, hold the judgment revoking the appellant’s probation in this case is appealable.
We have carefully searched the record for error and have found no such error.
It is therefore, ordered that the judgment of the circuit court be affirmed.
The foregoing opinion was prepared by the Honorable L. S. MOORE, Supernumerary Circuit Judge, serving as a judge of this Court under § 2 of Act No. 288, Acts of Alabama, July 7, 1945, as amended; his opinion is hereby adopted as that of the Court.
The judgment below is hereby
AFFIRMED.
HARRIS and DeCARLO, JJ., concur.
TYSON and BOOKOUT, JJ., concur specially.
CATES, P. J., concurs in result.