BOOKOUT, Judge.
This case comes before this Court as an attempted appeal from an order of the circuit judge denying the appellant’s “MOTION TO SET ASIDE PLEA OF GUILTY AND TO VACATE SENTENCE.”
The record before us contains transcripts on two cases involving the appellant. A lengthy court reporter’s transcript of the evidence is contained in the record in Case No. 75-7-532F wherein the appellant was convicted of first degree burglary and sentenced to ten years. On November 7, 1975, at the time of sentencing, appellant gave notice of appeal, and later filed a written notice of appeal on November 25,1975. His *232 appeal was dismissed by this Court in that case on April 5, 1976.
The record also contains a transcript of a Boykin colloquy on a guilty plea in Case No. 75-7-530F on a charge of indecent molestation of a child under sixteen years of age. On January 5, 1975, the trial court sentenced the appellant to five years on that charge. No written or verbal notice of appeal was given in that case. On July 27, 1976, the appellant filed with the circuit court a “MOTION TO SET ASIDE PLEA OF GUILTY AND TO VACATE SENTENCE.” A hearing was held on August 6, and the motion was denied by order of August 11, 1976. Notice of appeal from denial of that order was filed on September 21, 1976.
Where no notice of appeal was filed within forty-two days (6 weeks) after entry of sentence appealed from, the judgment became final. The trial court had no jurisdiction to entertain the motion to set aside the guilty plea, and consequently no appeal lies from denial of that motion. The right of appeal is purely statutory in Alabama. A ruling on a motion to set aside a conviction and to withdraw a plea of guilty is not an appealable order. Dawson v. State, 37 Ala.App. 16, 66 So.2d 567 (1952). An appeal in a criminal case can only be taken from a judgment of conviction, in the absence of statutory authority to the contrary. Hughes v. State, 45 Ala.App. 250, 228 So.2d 862 (1969).
Pursuant to Title 13, § 119, Code of Alabama 1940, the trial court’s jurisdiction over the case expires in thirty days where no motion for a new trial is filed. Section 119 was not superseded or modified by the new Alabama Rules of Appellate Procedure.
The State’s motion to dismiss the appeal is well taken and must be granted.
APPEAL DISMISSED.
All the Judges concur.