JOSEPH J. MULLINS, Retired Circuit Judge.
The Grand Jury of Montgomery County returned an indictment for grand larceny against the appellant, Hattie Mae Burton, and she entered a plea of not guilty, and was convicted, sentenced to three years imprisonment, and placed on probation for five years conditioned that she serve one full year, and upon release maintain steady and full time employment.
*362 The appellant was at all proceedings in the trial court represented by counsel of her own choice, and is represented in this Court by Court appointed counsel. This appeal was submitted to this Court on briefs.
Appellant states in her brief that the issues presented for review by this Court are: 1st., that the trial court erred in its oral charge to the jury by improperly defining, (a) “reasonable doubt” (b) “aider and abetter,” and (c) “circumstantial evidence.” 2nd., that the trial court erroneously sentenced the appellant by invading the province of the legislative and executive branches of the government of the State of Alabama.
The first issue complained of by appellant is not presented to this Court for our consideration. We have searched the entire record and do not find any objections or exceptions made to any part of the trial court’s oral charge to the jury at any time before the jury retired for its deliberation. We hold that an objection or exception to a part of a trial court’s oral charge to a jury must be made before the jury retires from the courtroom to begin its deliberation. Tillis v. State, 292 Ala. 521, 296 So.2d 892; Holliday v. State, Ala.Cr.App., 346 So.2d 26.
. The second issue contained in appellant’s brief states that the trial judge’s sentence is erroneous to the extent that it invades the province of the legislative and executive branches of the government of the State of Alabama wherein the trial judge purports to retain administrative control over the sentence after the appellant is delivered to correction authorities.
From the record before us we find that on February 16,1979 the appellant was duly tried and a jury verdict was returned finding the appellant guilty of grand larceny. That the appellant requested probation and the case was continued to March 7,1979 for sentencing and probation hearing. That on May 10, 1979 appellant was duly sentenced to be imprisoned in the penitentiary for three years.
Appellant’s request for the benefits of probation was considered by the trial court, and an order suspending the sentence of three years was entered, and appellant placed on probation for five years conditioned that she serve one full year in the penitentiary and upon her release maintain steady and full-time employment. Appellant gave notice of appeal to this Court on May 10, 1979.
The punishment for grand larceny is not less than one nor more than ten years. Code Of Alabama, 1975, Sec. 13-3-50. The appellant was indicted for grand larceny and the jury verdict was: “We the jury find the defendant guilty as charged in the indictment,” and the court’s sentence was within the limits provided by the statute. We hold that the trial court did not err when it imposed a 3 year sentence on the appellant. The appellant contends that the court committed error when it suspended the sentence of 3 years and placed the appellant on probation for 5 years conditioned that appellant serve one full year of the sentence, and upon release maintain steady and full-time employment.
This Court is committed to the proposition that no appeal lies from an original order of a trial court granting or denying, probation. We hold that an original order granting or denying probation is within the discretion of the trial judge and is not reviewable on appeal from a judgment of conviction. Turner v. State, Ala.Cr.App., 365 So.2d 335, certiorari denied, Ala., 365 So.2d 336; Woods v. State, Ala., 371 So.2d 944; Hughes v. State, 45 Ala.App. 250, 228 So.2d 862; Hinkle v. State, 50 Ala.App. 215, 278 So.2d 218.
We have searched the record and are of the opinion that reversible error does not appear. The judgment of the trial court is due to be and is hereby affirmed.
The foregoing opinion was prepared by Honorable JOSEPH J. MULLINS, a retired Circuit Judge, serving as a Judge of this Court; his opinion is hereby adopted as that of the Court.
The judgment below is hereby affirmed.
AFFIRMED.
All the Judges concur.