The appellant, Barry Dowdell, appeals from the circuit court's denial of his petition for postconviction relief, filed pursuant to Rule 32, Ala.R.Crim.P., in which he attacked his 1986 conviction for first-degree rape and the resulting sentence of 18 years' imprisonment. As best we are able to determine from the record, Dowdell's conviction was based on his guilty plea to the charge of rape in the first degree. There is some conflict in the record *Page 1196 
concerning whether Dowdell appealed from this conviction.[1]
On June 6, 2001, Dowdell filed a Rule 32, Ala.R.Crim.P., petition for postconviction relief alleging that he was entitled to relief from his rape conviction based on newly discovered evidence that he says establishes his innocence of that crime. In fact, the newly discovered evidence was not yet in existence, since Dowdell's petition sought DNA testing, the results of which, he alleged, would establish his innocence. Dowdell also alleged that he was entitled to relief based on the fact that the Alabama Constitution of 1901 was a racist document adopted to disenfranchise African-Americans; therefore, he argues, any conviction based on laws enacted under the authority of the 1901 Constitution was void and due to be set aside.
On November 1, 2001, the State filed a motion to dismiss Dowdell's petition, claiming that the petition was time-barred under Rule 32.2(c), and that it was procedurally barred under Rule 32.2(b) as a successive petition. Without waiving these procedural bars, the State also alleged that Dowdell's claims lacked merit and requested that the petition be summarily denied without an evidentiary hearing. On November 29, 2001, the circuit court entered an order denying Dowdell relief because the court determined that the petition was time-barred under Rule 32.2(c) and that it was procedurally barred under Rule 32.2(a)(3), because his claims could have been raised at trial but were not. Dowdell filed a notice of appeal on December 6, 2001. This appeal followed.
Dowdell contends that in light of the grounds raised in his petition, the circuit court erred in summarily denying his petition. We disagree.
Dowdell's claim that the 1901 Constitution is unconstitutional is a nonjurisdictional claim, and is thus subject to the procedural bars set out in Rule 32.2. See Nicks v. State, 783 So.2d 895 (Ala.Crim.App. 1999), cert. quashed, 783 So.2d 926 (Ala. 2000). Dowdell was convicted in 1986; his conviction became final 42 days after he was sentenced on September 26, 1986. The effective date for Rule 20, Ala.R.Crim.P.Temp., the predecessor to Rule 32, Ala.R.Crim.P., was April 1, 1987. Temporary Rule 20 set out a two-year limitations period for filing a petition for post-conviction relief. The comments to that rule provided that defendants convicted before April 1, 1987, would have two years from the effective date of the rule to file their petitions. Thus, Dowdell had until April 1, 1989, to timely file a petition for postconviction relief based on his claim that the *Page 1197 
Alabama Constitution of 1901 was unconstitutional because it had been adopted to disenfranchise African-Americans. Because he failed to do so, this claim is barred by the two-year limitations period set out in Rule 32.2(c). Thus, the circuit court correctly denied relief based on this ground.
Dowdell also alleges that DNA testing will establish his innocence of the crime to which he pleaded guilty in 1986. Dowdell alleges that he is entitled to raise this claim outside the two-year limitations period because he only recently learned of this method of establishing his innocence. Rule 32.1, Ala.R.Crim.P., provides, in pertinent part:
 "Subject to the limitations of Rule 32.2, any defendant who has been convicted of a criminal offense may institute a proceeding in the court of original conviction to secure appropriate relief on the ground that:
". . . .
 "(e) Newly discovered material facts exist which require that the conviction or sentence be vacated by the court, because:
 "(1) The facts relied upon were not known by petitioner or petitioner's counsel at the time of trial or sentencing or in time to file a post-trial motion pursuant to Rule 24, or in time to be included in any previous collateral proceeding and could not have been discovered by any of those times through the exercise of reasonable diligence;
 "(2) The facts are not merely cumulative to other facts that were known;
 "(3) The facts do not merely amount to impeachment evidence;
 "(4) If the facts had been known at the time of trial or of sentencing, the result probably would have been different; and
 "(5) The facts establish that petitioner is innocent of the crime for which petitioner was convicted or should not have received the sentence that petitioner received."
While Rule 32.2(c) sets out a general two-year limitation period for filing petitions for postconviction relief, it provides the following exception for claims asserting newly discovered evidence:
 "The court shall not entertain a petition based on the grounds specified in Rule 32.1(e) unless the petition is filed within the applicable two-year period specified in the first sentence of this section, or within six (6) months after the discovery of the newly discovered material facts, whichever is later; provided, however, that the two-year period during which a petition may be brought shall in no case be deemed to have begun to run before the effective date of the precursor of this rule, i.e., April 1, 1987."
Alabama courts have recognized the admissibility of DNA testing since 1991. The Alabama Supreme Court, in Ex parte Perry, 586 So.2d 242 (Ala. 1991), recognized the existence of a generally accepted theory in the scientific community that supports the conclusion that DNA forensic testing could produce reliable results as to "matching" evidence, and set out the evidentiary predicate to be used in determining the admissibility of DNA evidence. The decision in Ex parte Perry was released on April 19, 1991. Since 1991, Alabama courts have addressed the admissibility of DNA testing on numerous occasions and in a variety of appellate opinions. Moreover, DNA evidence was widely publicized during the 1990s in a number of high-profile criminal cases as a method of establishing a defendant's innocence. Given these circumstances, we do not find credible Dowdell's claim that he only learned of the existence of DNA testing as a method to prove his innocence within six months of filing his June 2001 petition. Certainly, Dowdell should have become aware of the existence of DNA testing before more than 10 years had passed since the Alabama Supreme Court recognized the existence of DNA *Page 1198 
forensic testing. Had Dowdell filed his petition within a reasonable time of the decision in Ex parte Perry, his claim that he had only recently learned about DNA testing would have been credible and we would have considered the merits of his petition alleging newly discovered evidence. However, because Dowdell waited more than 10 years to file his petition, the trial court correctly determined that his claim was time-barred by the provisions of Rule 32.2(c).
Based on the foregoing, the judgment of the circuit court is affirmed.
AFFIRMED.
McMillan, P.J., and Cobb, J., concur. Shaw, J., concurs in the result, with opinion. Baschab, J., dissents, with opinion.
[1] Dowdell states in his Rule 32 petition that he pleaded guilty and that he did not appeal his conviction. The case action summary contains a notation that Dowdell pleaded guilty to rape and robbery on August 14, 1986, and that he was sentenced on September 26, 1986. There is no indication that a notice of appeal was filed within 42 days of sentencing. The circuit court and the State aver that Dowdell appealed this conviction and that this Court affirmed Dowdell's convictions on December 5, 1989. We have reviewed our records, see Hull v. State,607 So.2d 369, 371 (Ala.Crim.App. 1992) (this Court may take judicial notice of its own records), and we find no record of any direct appeal. We do find, however, that on December 5, 1989, the date this Court is alleged to have affirmed Dowdell's rape conviction, we issued a certificate of judgment resulting from our November 17, 1989, affirmance of the circuit court's denial of Dowdell's Rule 20, Ala.R.Crim.P.Temp., petition for postconviction relief. See Dowdell v. State, (No. 6 Div. 237)555 So.2d 1198 (Ala.Crim.App. 1989). The record also appears to indicate that Dowdell filed another petition for postconviction relief in 1999, and that that petition was denied. Based on a review of our records, we conclude that no appeal was taken from the denial of the 1999 petition.