957 So.2d 1159 (2007)
Ronnie FAGAN
v.
STATE of Alabama.
CR-06-0209.
Court of Criminal Appeals of Alabama.
February 23, 2007.
Ronnie Fagan, pro se.
Submitted on appellant's brief only.
Note from the reporter of decisions: On February 23, 2007, the Court of Criminal Appeals issued the following order:

"ORDER
"The appellant, Ronnie Fagan, appeals the denial of his `Motion for post-conviction DNA testing.' In 1981, Fagan was convicted of rape and was sentenced to 50 years' imprisonment. His conviction was affirmed on direct appeal. See Fagan v. State, 511 So.2d 273 (Ala.Crim.App.1987) (table). Fagan filed numerous postconviction petitions attacking his conviction and sentence. In June 2006, Fagan filed a motion in the circuit court entitled `Motion for post-conviction DNA testing.' The circuit court denied that motion; this appeal followed.
"The motion filed in the circuit court was not treated as a Rule 32, Ala.R.Crim. P., petition; no in forma pauperis declaration was filed nor was a filing fee paid.
"As we stated in Hart v. State, 939 So.2d 948, 949 (Ala.Crim.App.2005):
"`"The right of appeal is wholly statutory. statute an appeal is authorized in criminal from a judgment of conviction." Dawson v. State, 37 Ala.App. 16, 17, 66 So.2d 567, 568 (1952) (emphasis added).'
"There is no statute authorizing an appeal from the denial of a postconviction motion for DNA testing.
"Moreover, while we have recognized that the need for postconviction DNA testing may be presented in a Rule 32 petitionsee Barbour v. State, 903 So.2d 858 (Ala.Crim.App.2004), and Dowdell v. State, 854 So.2d 1195 (Ala.Crim.App.2002)we have also recognized that Alabama has yet to establish any procedures for defendants to request postconviction DNA testing.
"Accordingly, it is hereby ORDERED that this appeal be DISMISSED as being from a nonappealable order. It is further ORDERED that the certificate of judgment in this case shall be issued forthwith.
"McMILLAN, SHAW, WISE, and WELCH, JJ., concur.
"BASCHAB, P.J., dissents, with opinion."
BASCHAB, Presiding Judge, dissenting.
For the reasons set forth in my dissents in Barbour v. State, 903 So.2d 858 (Ala. Crim.App.2004), and Dowdell v. State, 854 So.2d 1195 (Ala.Crim.App.2002), I respectfully dissent. In doing so, I again strongly urge the Legislature to pass statutes and/or the Alabama Supreme Court to establish rules that allow for, and set parameters for, post-conviction DNA testing.