PER CURIAM.
The appellant, Gary Wayne Searcy, appeals the circuit court’s denial of his § 15-18-200, Ala.Code 1975, motion for postcon-viction DNA testing. In February 1998, Searcy was convicted of capital murder for murdering Rory Lynn Kirkland during the course of a burglary.[1] He was sentenced to life imprisonment without the possibility of parole. Searcy appealed his conviction. We dismissed the appeal because the notice of appeal was not timely filed. See Searcy v. State (CR-97-2224, August 21, 1998), 741 So.2d 496 (Ala.Crim.App.1998) (table). In December 1999, Searcy filed a petition for postconviction relief pursuant to Rule 32, Ala. R.Crim. P., requesting, in part, an out-of-time appeal. We affirmed the circuit court’s denial of that Rule 32 petition after the postconviction court found that Searcy “repeatedly refused to appeal his case when advised to do so by counsel.”[2] See Searcy v. State (CR-99-1977, February 9, 2001), 821 So.2d 1032 (Ala.Crim.App.2001) (table). In March 2006, Searcy filed a second Rule 32 petition seeking an out-of-time appeal, which the trial court denied. We affirmed the circuit court’s denial of that petition. See Searcy v. State (CR-05-1255, September 22, 2006), 988 So.2d 1082 (Ala.Crim.App.2006) (table). In August 2009, Searcy filed a third Rule 32 petition. We dismissed that appeal after Searcy failed to file a brief with this Court. See Searcy v. State (CR-09-0053, January 28, 2010), 75 So.3d 1233 (Ala.Crim.App.2010) (table).[3]
In July 2010, Searcy filed a motion in the Henry Circuit Court requesting that DNA testing be conducted on the biological evidence that had been collected from the murder scene.[4] The circuit court denied the motion in March 2011. Searcy filed a written notice of appeal to this Court.
The question presented in this case is whether a circuit court’s ruling denying a § 15-18-200, Ala.Code 1975, *176 motion is appealable.[5] Section 15-18-200, effective August 1, 2009, provides:
“(a) An individual convicted of a capital offense who is serving a term of imprisonment or awaiting execution of a sentence of death, through written motion to the circuit court that entered the judgment of sentence, may apply for the performance of forensic deoxyribonu-cleic acid (DNA) testing on specific evidence, if that evidence was secured in relation to the investigation or prosecution that resulted in the conviction of the applicant, is still available for testing as of the date of the motion, forensic DNA testing was not performed on the case at the time of the initial trial, and the results of the forensic DNA testing, on its face, would demonstrate the convicted individual’s factual innocence of the offense convicted. The filing of a motion as provided in this subsection shall not automatically stay an execution.
“(b) Upon receipt of a motion for DNA testing, the circuit court shall notify the state and shall afford the state an opportunity to respond to the motion.
“(c) After notice to the state and an opportunity to respond, the circuit court may order forensic DNA testing and analysis if the court finds that all of the following apply:
“(1) The specific evidence which the petitioner has requested be subject to forensic DNA testing and analysis is still in existence and is in a condition that allows forensic DNA testing and analysis to be conducted which would yield accurate and reliable results.
“(2) The evidence was not previously subjected to nuclear forensic DNA testing or was not subjected to another forensic DNA technology, and which may resolve an issue not previously resolved by any prior forensic DNA testing and analysis. The type of forensic DNA testing requested must be generally accepted in the forensic community with the results eligible for inclusion in the National DNA Index System of the Federal Bureau of Investigation (FBI).
“(d) Upon receipt of a motion for DNA testing or notice of a motion for DNA testing, the state and the circuit court shall take any steps reasonably necessary to ensure that any remaining biological material in the possession of either the state or the court is preserved pending the completion of proceedings under this section. In the event biological material is not available or that reliable testing is not possible due to the condition or absence of the biological material, the court shall dismiss the application without prejudice.
[[Image here]]
(2) If the DNA testing conducted under this section produces conclusive evidence of the petitioner’s factual innocence of the offense convicted, the petitioner, during a 60-day period beginning on the date on which the petitioner is notified of the test results, may file a petition to the circuit court that ordered the testing for post-conviction relief pursuant to Rule 32.1 of the Alabama Rules of Criminal Procedure. Upon receipt of a petition, the circuit court that ordered the testing shall consider the petition pursuant to Rule 32, et seq. of the Alabama Rules of Criminal Procedure.”
Section 12-3-9, Ala.Code 1975, addresses the jurisdiction of this Court and states:
*177 “The Court of Criminal Appeals shall have exclusive appellate jurisdiction of all misdemeanors, including the violation of town and city ordinances, habeas corpus and all felonies, including all post-conviction writs in criminal cases.”
Amend. No. 328, § 6.03(a), Ala. Const.1901 (now § 141(a), Ala. Const. 1901 (Off.Re-comp.)), further provides:
“The court of criminal appeals ... shall exercise appellate jurisdiction under such terms and conditions as shall be provided by law and by rules of the supreme court.”
“In Alabama, there is no constitutional right to appeal a conviction. .That right is provided ... by statute in § 12-22-130, Ala.Code 1975.” Dixon v. City of Mobile, 859 So.2d 462, 463 (Ala.Crim.App.2003). See also Dawson v. State, 37 Ala. App. 16, 66 So.2d 567 (1952). Section 12-22-130, Ala. Code 1975, provides:
“A person convicted of a criminal offense in the circuit court or other court from which an appeal lies directly to the Supreme Court or Court of Criminal Appeals may appeal from the judgment of conviction to the appropriate appellate court.”
In a criminal case, an appeal lies after a defendant has been convicted and sentenced. See Thornton v. State, 390 So.2d 1093, 1096 (Ala.Crim.App.1980). However, “[a]n appeal cannot be taken from an order subsequent to the judgment of conviction unless authorized by statute.” Harris v. State, 44 Ala.App. 632, 632, 218 So.2d 285, 286 (1969). See also Hart v. State, 939 So.2d 948 (Ala.Crim.App.2005) (no right to appeal a circuit court’s ruling vacating a death sentence and imposing a sentence of life imprisonment without the possibility of parole based on the Supreme Court’s decision in Roper v. Simmons, 543 U.S. 551, 125 S.Ct. 1183, 161 L.Ed.2d 1 (2005), barring a death sentence for anyone under the age of 18 at the time of the offense); Weeks v. State, 663 So.2d 1045 (Ala.Crim.App.1995) (death-row inmate could not appeal a § 15-16-23, Ala.Code 1975, finding that the inmate/defendant is not insane); Hughes v. State, 45 Ala.App. 250, 251, 228 So.2d 862, 863 (Ala.Crim.App.1969) (order denying probation is not ap-pealable).[6]
Absent from § 15-18-200, Ala.Code 1975, is any provision authorizing an appeal from the denial of a postconviction motion for DNA testing. Neither can we find any statute or rule authorizing such an appeal. Accordingly, this Court has no jurisdiction to consider this appeal, and it is hereby dismissed.
APPEAL DISMISSED.
WELCH, P.J., and WINDOM, KELLUM, BURKE, and JOINER, JJ., concur.

.The circuit court’s sentencing order stated the following facts:
"On the night of March 12, 1996, units of the Henry County Sheriff's Department were dispatched to the Englewood Subdivision in northern Henry County, Alabama. They found the body of Rory Lynn Kirkland, a white female, lying at the foot of a bed in a pool of blood. She had been stabbed ten times, mostly in the area of the chest. A large butcher knife was embedded up to the hilt underneath the victim’s arm. She died from multiple stab wounds to the chest and abdomen."

. It appears that Searcy believed that if his appeal was successful he would face a possible death sentence on a retrial.

. We have taken judicial notice of our records related to Searcy’s previous proceedings in this Court. See Hull v. State, 607 So.2d 369 (Ala.Crim.App.1992).

. Searcy asserted that the following items could be tested: a knife, two swabs collected from a stain on the victim’s foot, toenail clippings, the victim's nightgown, a sheet, a towel, and a swab collected from a stain on a lavatory in the victim's house.

. "[J]urisdictional matters are of such magnitude that we take notice of them at any time and do so even ex mero motu.” Nunn v. Baker, 518 So.2d 711, 712 (Ala.1987).

. We have held that motions filed pursuant § 13A-5-9.1, Ala.Code 1975, and § 15-22-54.1, Ala.Code 1975, are appealable to this Court because those motions are a continuation of the underlying case for resentencing based on newly enacted legislation. See Prestwood v. State, 915 So.2d 580 (Ala.Crim.App.2005) (the denial of a Kirby v. State, 899 So.2d 968 (Ala.2004), motion is appealable to this Court); Ex parte Jones, 61 So.3d 1104 (Ala. Crim.App.2010) (the denial of a motion for treatment as a technical probation violator is appealable to this Court). However, a motion for DNA testing is not a continuation of a case but a new action in the lower court. The statute provides that if the DNA testing renders favorable results the defendant should file a postconviction petition under Rule 32, Ala. R.Crim. P. See § 15-18-200(h)(2), Ala. Code 1975.