141 So.2d 209

**William K. POWELL**

v.

**STATE.**

6 Div. 858.

Court of Appeals of Alabama.

May 8, 1962.

William K. Powell pro se.

MacDonald Gallion, Atty. Gen., and Geo. D. Mentz, Asst. Atty. Gen., for the State.

HARWOOD, Presiding Judge.

This appellant was under an indictment charging him with the offense of robbery. When his case was called for trial the court appointed Mr. Robert Clifford Fulford, a competent and reputable attorney of Birmingham to represent him. Mr. Fulford had previously represented this appellant under appointment by the United States Fifth Circuit Court of Appeals in proceedings in the Federal courts, which proceedings we judicially know were related to the present charge.

Thereafter, upon recommendation of the Circuit Solicitor of Jefferson County, this appellant was permitted to enter a plea of guilty of larceny from the person, a lesser included offense. The Solicitor further recommended that the appellant be sentenced to a term of five years in the State penitentiary, and that in view of the appellant having already served five years in the State penitentiary that he be placed on probation, and that the probation be immediately declared terminated.

The necessary orders were entered by the court, carrying out in full the recommendations of the Circuit Solicitor of Jefferson County, the court announcing that this appellant was now released, and that the probation having been terminated, it could not later be revoked.

At every stage of the proceedings this appellant was consulted and in open court approved of every step taken.

He has now perfected this appeal from the proceedings below acting pro se.

The record shows that this appellant accepted all the benefits accruing to him by the judgment and orders of the court entered below in that by the proceedings below he received his full release from any further action by the State. Where an appellant is shown to have accepted the benefits of the judgment, order or decree, the appeal will be dismissed. Todd v. Moore, 205 Ala. 451, 88 So. 447.

Furthermore, the full release of this appellant, with no possibility of future proceedings by the State, renders the matter moot.

Should this appeal be entertained by us, numerous elemental principles of law would require the affirmance of this judgment. We will not encumber this record by setting forth the reasons necessitating an affirmance of the judgment below under such conditions, since in our opinion the proper order in this case is a dismissal of this appeal.

Appeal dismissed.