LONG, Presiding Judge.
The appellant, Benjamin Howlet, was convicted of two counts of murder made capital because the murder was committed by shooting the victim while he was in a vehicle, § 13A-5-40(a)(17), Code of Alabama 1975, and because Howlet was in a vehicle when he fired the shot. See §§ 13A-5^40(a)(18), Code of Alabama 1975. Howlet was sentenced to life in prison without the possibility of parole. He filed notice of appeal to this Court on December 3,1998.
To determine whether Howlet’s notice of appeal was timely, i.e., whether it was filed within 42 days from the date of sentencing or the date of the denial of the motion for a new trial, see Rule 4, Ala.R.App.P., we must determine whether the motion for a new trial was properly continued to a “date certain” as provided in Rule 24.4., Ala.R.Crim.P. Rule 24.4, Ala.R.Crim.P., provides that a motion for a new trial is deemed denied by operation of law if the motion is not ruled on by the trial court within 60 days from the date of sentencing.[1] The rule, however, provides a way to *27 continue the motion if all parties consent, on the record, to the continuance and if the motion is continued to “a date certain.” Rule 24.4 reads:
“No motion for new trial or motion ... shall remain pending in the trial court for more than sixty (60) days after the pronouncement of sentence, except as provided in this section. A failure by the trial court to rule on such a motion within the sixty (60) days allowed by this section shall constitute a denial of the motion as of the sixtieth day; provided, however, that with the express consent of the prosecutor and the defendant or the defendant’s attorney, which consent shall appear in the record, the motion may be carried past the sixtieth day to a date certain; if not ruled upon by the trial court as of the date to which the motion is continued, the motion is deemed denied as of that date, unless it has been continued again as provided in this section. The motion may be continued from time to time as provided in this section.”
Howlet was sentenced on May 27, 1998, and filed a motion for a new trial on June 25, 1998. The motion would have been denied by operation of law on July 27, 1998, the sixtieth day after pronouncement of sentence, unless the motion was continued as provided in Rule 24.4. The trial court issued an order setting the motion for a hearing on August 7, Í998, a daté outside the sixty-day time period. The parties filed a joint motion requesting that the motion be continued because the date set was beyond the sixtieth day. The trial court then issued the following order:
“Upon the joint motion of the Defendant and the State of Alabama seeking an enlargement of the time in which a ruling may be made on Defendant’s Motion for a New Trial, and the court’s determination that said motion is due to be granted, it is, hereby ORDERED that the time for ruling on Defendant’s Motion for a New Trial is enlarged to 30 days.”
This order complied with Rule 24.4 and effectively continued the motion to a date certain, August 26, 1998, i.e., 30 days from July 27,1998.
Before the scheduled hearing, Howlet moved for a continuance and the State consented to the continuance. The trial court issued the following order purporting to grant the motion:
“Upon the Defendant’s Motion to enlarge the time for ruling on this Motion for a New Trial and a continuance for the hearing of said motion and the court being of the opinion said motion should be granted, it is hereby ORDERED, ADJUDGED and DECREED as follows:
“The Motion for a New Trial in the above case is continued until a date lk days after the completion and delivery of the trial transcript and the time for ruling on the defendant’s Motion is enlarged to include the date of the hearing on the motion and 7 days therefrom.”
(Emphasis added.) The issue is whether the highlighted portion of the court’s order was sufficient to comply with 'the “date certain” provision of Rule 24.4.
When reviewing the wording of the rule we must give the words their “plain” meaning. Parker v. State, 648 So.2d 653 (Ala.Cr.App.1994). The word “certain” is defined in Webster’s Collegiate Dictionary (10th ed.1997), as “fixed; settled.” We hold that to comply with Rule *28 24.4, the date specified must be a definite, fixed date, which is either stated in the order or capable of being calculated when the order is issued. Here, the date, “14 days after completion and delivery of the trial transcript” was not a “date certain” because it could not be calculated when the order was issued.
We are confident that the conclusion we reach here is in keeping with the intent of the drafters of the Alabama Rules of Criminal Procedure expressed in Rule 1.2, Ala. R.Crim.P.
“These rules are intended to provide for the just and speedy determination of every criminal proceeding. They shall be construed to secure simplicity in procedure, fairness in administration, and the elimination of unnecessary delay and expense, and to protect the rights of the individual while preserving the public welfare.”
Here, the motion for a new trial was deemed denied on August 26, 1998, the date that the first effective continuance expired. Rule 24.4, Ala.R.Crim.P. Howlet then had 42 days from August 26, 1998, to file notice of appeal. Rule 4, Ala.R.App.P. The notice of appeal was not filed until December 3, 1998. Howlet’s notice of appeal was not timely.
This case exemplifies the harsh consequences of the failure to comply with Rule 24.4, Ala.R.Crim.P. As the Alabama Supreme Court stated in Stewart v. Younger, 375 So.2d 428, 428 (Ala.1979), “In the interest of finality of judgments, the prescribed time within which a notice of appeal must be filed with the trial court cannot be waived nor is it subject to extension of time by agreement of the parties or by order of this Court.” (Emphasis in original.) The failure to timely file notice of appeal divests an appellate court of jurisdiction to entertain an appeal. Rule 2(a), Ala.R.App.P. This Court has no jurisdiction to consider Howlet’s appeal.
Howlet’s remedy, if any, is to file a petition for post-conviction relief pursuant to Rule 32.1(f), Ala.R.Crim.P.
For the foregoing reasons, this appeal is due to be dismissed.
APPEAL DISMISSED.
McMILLAN, COBB, BASCHAB, and FRY, JJ., concur.

. A common misconception is that the 60-day period runs from the date the motion is filed. *27 The rule provides that the date runs from the date of “pronouncement of sentence.” Rule 24.4, Ala.R.Crim.P.