801 So.2d 30 (2000)
Ex parte Benjamin HOWLET.
(In re Benjamin Howlet v. State).
1981736.
Supreme Court of Alabama.
June 30, 2000.
Rehearing Denied September 1, 2000.
*31 Charles H. Pullen, Huntsville; and Hilda Trapp Smith, Florence, for petitioner.
Bill Pryor, atty. gen., and Hense R. Ellis II, asst. atty. gen., for respondent.
LYONS, Justice.
Benjamin Howlet was convicted of two counts of murder made capital because he committed the murder by shooting the victim while the victim was in a vehicle, § 13A-5-40(a)(17), Ala.Code 1975; and because Howlet was in a vehicle when he fired the shot, § 13A-5-40(a)(18). The trial court sentenced Howlet to life imprisonment without the possibility of parole. Howlet appealed to the Court of Criminal Appeals. That court dismissed his appeal as having been untimely filed. Howlet v. State, 801 So.2d 25 (Ala.Crim.App.1999). Howlet sought certiorari review from this Court; we granted his petition. We reverse the Court of Criminal Appeals' judgment and remand the cause.
Howlet was convicted on April 22, 1998. On that date, his attorney stated to the trial court: "Your Honor, at this time the defendant will give oral notice of appeal." The trial court sentenced Howlet on May 27. On June 25, Howlet filed a motion for a new trial. The trial court set a hearing on the motion for August 7. On July 27, Howlet and the State filed a joint motion, pursuant to Rule 24.4, Ala. R.Crim. P., requesting that the trial court continue the new-trial motion because the hearing was set more than 60 days after Howlet's sentence was pronounced. Rule 24.4 states:
"No motion for new trial or motion in arrest of judgment shall remain pending in the trial court for more than sixty (60) days after the pronouncement of sentence, except as provided in this section. A failure by the trial court to rule on such a motion within the sixty (60) days allowed by this section shall constitute a denial of the motion as of the sixtieth day; provided, however, that with the express consent of the prosecutor and the defendant or the defendant's attorney, which consent shall appear in the record, the motion may be carried past the sixtieth day to a date certain; if not ruled upon by the trial court as of the date to which the motion is continued, the motion is deemed denied as of that date, unless it has been continued again as provided in this section. The motion may be continued from time to time as provided in this section."
In response to the joint motion, the trial court entered the following order:
"Upon the joint motion of the Defendant and the State of Alabama seeking an enlargement of the time in which a ruling may be made on Defendant's Motion for a New Trial, and the court's determination that said Motion is due to be granted, it is, hereby ORDERED that the time for ruling on Defendant's Motion for a New Trial is enlarged to 30 days."
On August 5, Howlet requested that the hearing on his motion for new trial be continued "until a date approximately 10-14 days after the trial transcript is completed." On August 7, the State consented to a "continuance of the hearing of the defendant's Motion for a New Trial to 14 days after completion and delivery of the trial transcript." The trial court entered the following order:

*32 "UPON the Defendant's Motion to enlarge the time for ruling on his Motion for a New Trial and a continuance for the hearing of said motion and the court being of the opinion said motion should be granted, it is hereby ORDERED, ADJUDGED and DECREED as follows:
"The Motion for a New Trial in the above case is continued until a date 14 days after the completion and delivery of the trial transcript and the time for ruling on the defendant's Motion is enlarged to include the date of the hearing on the motion and 7 days therefrom."
On November 3, the trial court set Howlet's motion for new trial for a hearing on January 5, 1999. On December 3, 1998, Howlet filed a written notice of appeal with the trial court. On December 8, Howlet and the State filed a joint motion "to enlarge the time for the Court to rule on Defendant's Motion for a New Trial until seven (7) days beyond the date the Court hears said motion." On December 9, the trial court granted their motion. On January 25, 1999, the trial court denied Howlet's motion for new trial.
On April 21, 1999, the Court of Criminal Appeals dismissed Howlet's appeal as untimely filed. That court found that the first continuance of Howlet's motion for new trial properly complied with Rule 24.4 because it was continued to a "date certain," that being 30 days after the original date set for hearing the motion. As to the second continuance, however, the Court of Criminal Appeals stated:
"We hold that to comply with Rule 24.4, the date specified must be a definite, fixed date, which is either stated in the order or capable of being calculated when the order is issued. Here, the date, '14 days after completion and delivery of the trial transcript' was not a `date certain' because it could not be calculated when the order was issued."
801 So.2d at 27-28.
On application for rehearing, Howlet argued that even if his written notice of appeal filed on December 3, 1998, was untimely, his oral notice of appeal to the trial court after he was convicted on April 22, 1998, was timely, pursuant to Rule 4(b)(1), Ala. R.Crim. P. The Court of Criminal Appeals, in response to the rehearing application, issued another opinion on July 2, 1999, to address Howlet's argument; it held that "to invoke the provision in Rule 4 that allows the notice of appeal to be treated as filed on the date of sentencing or the date that a post-trial motion is denied, the notice of appeal must be in writing." 801 So.2d at 29.
The dispositive issue in this case is whether Howlet's written notice of appeal, filed on December 3, 1998, was timely. There is no dispute as to whether the first continuance of Howlet's motion for new trial complied with Rule 24.4. As to the second continuance, however, we must determine whether Howlet's motion for new trial was automatically denied upon the expiration of 60 days. That portion of Rule 24.4 dealing with the continuance of a posttrial motion sufficient to interrupt the running of the 60-day period requires that the motion be continued until a "date certain." Rule 24.4 deals with the problem of indefinite postponement of ruling on post-trial motions in criminal cases.
Here, pursuant to a joint motion for a continuance, the trial court continued the motion until "a date 14 days after the completion and delivery of the trial transcript" and enlarged the time for ruling on the motion "to include the date of the hearing on the motion and 7 days therefrom." We conclude that this language was sufficient to satisfy Rule 24.4's requirement of a "date certain." In so concluding, *33 we rely on the maxim "That is certain which can be made certain." In a case such as this, the court reporter is bound by a deadline subject to limited extensions by the trial court. See Rule 11(a)(2) and (c), Ala. R.App. P. The requisite certainty can be attained by applying the provisions of Rule 11, Ala. R.App. P., and adding 14 days.
We conclude that the trial court's order in this case is sufficient to avoid the evil of the indefinite postponement of ruling on the posttrial motion. Furthermore, the requested continuance was agreed upon by both parties, and that agreement is of record. Howlet's notice of appeal was timely in reference to the date that could be made certain as set forth in the trial court's order continuing the motion.
The Court of Criminal Appeals' judgment dismissing Howlet's appeal is hereby reversed, and the cause is remanded for that Court to consider the merits of his appeal. Because we conclude that Howlet's written notice of appeal was timely filed, we need not address his argument concerning his oral notice of appeal.
REVERSED AND REMANDED.[*]
MADDOX, HOUSTON, COOK, BROWN, JOHNSTONE, and ENGLAND, JJ., concur.
HOOPER, C.J., and SEE, J., dissent.
HOOPER, Chief Justice (dissenting).
I must respectfully dissent from the Court's interpretation of the term "date certain."
I believe that the reliance on Rule 11(a)(2) and (c), Ala. R.App. P., is misplaced. Contrary to the provisions of that rule, there is no order appearing in the court file that provided a due date for the completion of the trial transcript. I also question whether Rule 11(a)(2), Ala. R.App. P., is applicable to this case at all. That rule provides: "The court reporter shall prepare and file the designated reporter's transcript with the clerk of the trial court within 56 days (8 weeks) from the date of the notice of appeal, unless the time is shortened or extended by an order entered pursuant to subdivision (c) of this rule." In this case, there had been no notice of appeal filed at the time the motion for new trial was continued to "a date 14 days after the completion and delivery of the trial transcript." The record does not show that the trial court entered an order either shortening or extending the time for preparing the transcript.
In addition, it appears that the hearing on the motion for new trial was actually held before the completion and delivery of the trial transcript. The record indicates the following chronology of events:

July 1, 1998: Howlet's motion for new trial set for hearing on August 7, 1998.

July 30, 1998: Time for ruling enlarged to 30 days.

August 7, 1998: Hearing continued to 14 days after completion of transcript.

December 3, 1998: Motion for new trial set for January 5, 1999; Howlet files written notice of appeal.

January 5, 1999: Hearing on motion for new trial.

January 25, 1999: Motion for new trial denied.

March 23, 1999: Trial transcript completed. *34 Considering the actual events in this case, it is clear that no one ever knew when the trial transcript would be completed and that a reference to Rule 11(a)(2) and (c) would do nothing to "make it certain."
While it is important to consider the reasoning behind the adoption of a rule, it is also necessary to look at the language of the rule. A holding that the term "date certain" encompasses "a date 14 days after the completion and delivery of the trial transcript" completely changes the meaning and application of the term "date certain."
SEE, J., concurs.
NOTES
[*] Note from the reporter of decisions: On January 12, 2001, on remand from the Supreme Court, the Court of Criminal Appeals affirmed, by unpublished memorandum. On February 9, 2001, that court denied rehearing. On May 11, 2001, the Supreme Court denied certiorari review, without opinion (1000936).