JOINER, Judge.
Clarence Waters appeals the Montgomery Circuit Court’s denial of his motion to withdraw his guilty plea. We affirm.

Facts and Procedural History

On May 12, 2005, Waters pleaded guilty to first-degree stalking, see § 13A-6-90, Ala.Code 1975, and was sentenced, as a habitual felony offender, to 30 years’ imprisonment. On June 1, 2005, Waters filed a written pro se motion to withdraw his guilty plea. On July 14, 2005, the circuit court conducted a hearing on Waters’s pro se motion. (Record on Waters’s Third Rule 32, Ala. R.Crim. P., Petition, C. 22-37.)[1] At the conclusion of the hearing, the circuit court denied Waters’s pro se motion to withdraw his guilty plea. Waters, thereafter, filed a direct appeal to this Court, which was dismissed on his own motion. See Waters v. State (No. CR-04-2213), 945 So.2d 1110 (Ala.Crim.App.2005) (table).
On December 20, 2011, Waters filed his third Rule 32 petition, alleging that he was denied the right to counsel at the July 14, 2005, hearing on his pro se motion to withdraw his guilty plea.[2] The State responded to Waters’s third Rule 32 petition and conceded that Waters should be grant-. ed the relief he requested in his third Rule 32 petition — i.e., to be represented by counsel at a hearing on the motion to withdraw his guilty plea. (Record on Waters’s Third Rule 32 Petition, C. 49-50.) The circuit court, however, issued a one-sentence order summarily dismissing Waters’s petition. (Record on Waters’s Third Rule 32 Petition, C. 65.) Waters appealed the circuit court’s summary dismissal of his third Rule 32 petition. In that appeal, Waters again asserted that he was not represented by counsel at the July 14, 2005, hearing on his pro se motion to withdraw his guilty plea.
On September 12, 2012, this Court issued an order holding that Waters had raised a meritorious, jurisdictional claim, see Ex parte Pritchett, 117 So.3d 356, 358 (Ala.2012) (“ ‘If the accused ... is not represented by counsel and has not compe *313 tently and intelligently waived his constitutional right, the Sixth Amendment [to the United States Constitution] stands as a jurisdictional bar to a valid conviction and sentence depriving him of his life or liberty.’ ” (quoting Johnson v. Zerbst, 304 U.S. 458, 468, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938))), and concluding that the circuit court had erred when it summarily dismissed Waters’s third Rule 32 petition without first conducting an evidentiary hearing. Thus, this Court remanded the action to the circuit court for that court to conduct an evidentiary hearing pursuant to Rule 32.9, Ala. R.Crim. P., on Waters’s third Rule 32 petition, and we further instructed the circuit court “to take any necessary action as a consequence of the evidentiary hearing.” (Record on Return to Remand on Waters’s Third Rule 32 Petition, C. 5.)
On November 19, 2012, the circuit court complied with this Court’s remand order and conducted an evidentiary hearing, at which Waters was represented by counsel. At the evidentiary hearing, Waters’s trial counsel testified that he did not represent Waters at the July 14, 2005, hearing on Waters’s pro se motion to withdraw his guilty plea, and the circuit court granted Waters’s third Rule 32 petition, stating: “[I]t’s pretty clear that [Waters] did not have an attorney at that time.” (Record on Return to Remand on Waters’s Third Rule 32 Petition, R. 7.)
After the circuit court granted Waters relief on the claim raised in his third Rule 32 petition, the following exchange occurred:
“The Court: So what’s our next issue?
“[Waters’s Rule 32 counsel]: Judge, we’d still like to withdraw our guilty plea.
“The Court: Under what grounds?
“[Waters’s Rule 32 counsel]: That Mr. Waters was misled under [his trial counsel’s] representation of him, that he had some semblance of a plea agreement with the State and that he ended up pleading guilty because he thought he had a probationary sentence coming. Obviously, that didn’t end up happening.”
(R. 7.) Thereafter, the circuit court allowed Waters to present evidence to support his motion to withdraw his guilty plea. On December 31, 2012; the circuit court issued a written order denying Waters’s motion to withdraw his guilty plea, and return was made to this Court.
On return to remand, this Court, in an unpublished memorandum, dismissed Waters’s appeal, holding that Waters had been afforded the relief he sought in his third Rule 32 petition — i.e., to be represented by counsel at a hearing on the motion to withdraw his guilty plea — and concluding that Waters’s claim on appeal had been rendered moot. See Waters v. State (No. CR-11-1278, Feb. 1, 2013), — So.3d - (table).
On December 26, 2012, Waters filed a notice of appeal from the circuit court’s denial of his motion to withdraw his guilty plea.

Discussion

On appeal, Waters contends that the circuit court abused its discretion when it denied his motion to withdraw his guilty plea because, he says, his trial counsel made a “material misrepresentation ... about what punishment [Waters] would receive if he agreed to plead guilty.” (Waters’s brief, p. 13.)
I.
Although neither Waters nor the State discusses in the briefs on appeal this Court’s jurisdiction to decide Waters’s appeal, this Court, as a threshold issue, must determine whether we may exercise juris *314 diction over Waters’s appeal. Specifically, this Court must determine whether a petitioner, who obtains Rule 32 relief and is permitted to present evidence supporting his previously filed motion to withdraw his guilty plea, is permitted to separately appeal the circuit court’s subsequent denial of that motion to withdraw his guilty plea.[3]
Historically, defendants had no right to appeal from a guilty plea or from the denial of a motion to withdraw a guilty plea. See § 15-15-26, Ala.Code 1975 (“After the court has heard and considered a plea of guilty by a defendant and has permitted the filing of such plea and sentenced the defendant, such defendant shall not have the right of appeal from the action of the court.”). Thus, there are numerous cases involving the dismissal of attempts to appeal from guilty pleas or the denial of motions to withdraw guilty pleas. See, e.g., Gwin v. State, 425 So.2d 500, 504 (Ala.Crim.App.1982) (citing Dawson v. State, 37 Ala.App. 16, 66 So.2d 567 (1952), for the proposition that no appeal lies from an order denying a motion to withdraw a guilty plea); Turner v. State, 365 So.2d 335 (Ala.Crim.App.1978) (motion to withdraw a guilty plea); Powell v. State, 41 Ala.App. 569, 141 So.2d 209 (1962) (guilty plea); and Dawson v. State, 37 Ala.App. 16, 66 So.2d 567 (1952) (motion to withdraw a guilty plea).
-When it became effective in 1991, Rule 2.2(e)(5), Ala. R.Crim. P., superseded § 15-15-26, Ala.Code 1975, and granted defendants the right to appeal from guilty-plea convictions; that rule stated: “Upon acceptance of defendant’s plea of guilty and pronouncement and entry of judgment and sentencing, the defendant shall have a right of appeal from the action of the court.” The Committee Comment to section (e) expressly stated that subsection (e)(5) superseded § 15-15-26. See Committee Comment, Rule 2.2(e), Ala. R.Crim. P. (“[Section] 15-15-26, which denied the defendant a right of appeal, is superseded by 2.2(e)(5), which grants the defendant a right of appeal.”).
In 1996, the Legislature enacted § 15-15-20.1, Ala.Code 1975. Among other things, § 15-15-20.1 expressly superseded Rule 2.2(e), Ala. R.Crim. P. See § 15-15-20.1(h), Ala.Code 1975 (“This section supersedes Rule 2.2(e) of the Alabama Rules of Criminal Procedure.”). Although worded differently, § 15-15-20.1(e) is in essence no different from former Rule 2.2(e)(5). Section 15-15-20.1(e) provides: “Upon acceptance from the defendant plea of guilty and pronouncement and entry of judgment and sentencing, the defendant shall have a right of appeal from the action of the court.”
In its 2002 amendments to the Rules of Criminal Procedure, the Alabama Supreme Court imposed some limitations on the ability of a defendant to appeal from a guilty-plea conviction. Notably, Rule 26.9(b)(4), Ala. R.Crim. P., which became effective August 1, 2002, requires the trial court in pronouncing sentence to inform the defendant who has entered a plea of guilty that he has the right to appeal
“only in those cases in which the defendant (i) has entered a plea of guilty, but *315 before entering the plea of guilty has expressly reserved his or her right to appeal with respect to a particular issue or issues, or (ii) has timely filed a motion to withdraw the plea of guilty and the motion has been denied, either by order of the court or by operation of law.”
Regarding Rule 26.9(b)(4), Justice Maddox offers the following explanation in his treatise:
“The Supreme Court’s amendment to Rule 26.9 changed the procedure that had been in place for a number of years, which allowed a defendant, even though pleading guilty, to take an appeal. If the defendant desires to enter a plea of guilty, there are several forms provided to be used in entering a plea of guilty.... [Several of these forms] were revised to eliminate provisions in the earlier forms that stated that a defendant had a right to appeal, to add a proviso that a defendant, by entering a plea[ ] of guilty, would waive the right to appeal, unless the defendant had, before entering the plea of guilty, expressly reserved the right to appeal with respect to a particular issue or issues, in which event appellate review would be limited to a determination of the issue or issues reserved, or (2) unless the defendant had timely filed a motion to withdraw the plea of guilty after pronouncement of sentence on the ground that the withdrawal was necessary to correct a manifest injustice, and the court had denied the motion to withdraw the plea, or the motion had been deemed denied by operation of law.”
Hugh Maddox, Alabama Rides of Criminal Procedure § 26.9 (5th ed.2011).
The interplay between the Legislature and the Alabama Supreme Court as to whether and how a guilty-plea conviction may be appealed demonstrates two important principles relevant here. First, the Alabama Supreme Court may, by its rule-making authority, supersede a statute denying the right to appeal certain matters and thereby create a new right to appeal— as the Court did in 1991 by promulgating Rule 2.2(e), Ala. R.Crim. P. Second, the Alabama Supreme Court may use its rule-making authority to impose certain procedural requirements before a defendant may invoke a statutory right to appeal — as the Court did by promulgating Rule 26.9, Ala. R.Crim. P.
With those principles in mind, we turn to § 12-22-10, Ala.Code 1975, Rule 24, Ala. R.Crim. P., and numerous decisions of this Court and the Alabama Supreme Court recognizing that a motion to withdraw a guilty plea is the functional equivalent of a motion for a new trial under Rule 24, Ala. R.Crim. P.
Section 12-22-10, Ala.Code 1975, which was last amended in 1949, provides: “Either party in a civil case, or the defendant in a criminal case, may appeal to the appropriate appellate court from an order granting or refusing a motion for a new trial by the circuit court.” (Emphasis added.) Rule 24.1, Ala. R.Crim. P., states, in relevant part:
“(a) Power of the Court. When the defendant has been sentenced, the court, on motion of the defendant or on its own motion, may order a new trial.
“(b) Timeliness. A motion for a new trial must be filed no later than thirty (30) days after sentence is pronounced. After a denial of a motion for a new trial, the previously filed notice of appeal shall be deemed to have been filed as of the date of the denial of the motion and shall include an appeal from the denial of the motion.”
(Emphasis added.) Thus, § 12-22-10 creates the right to appeal the denial of a motion for a new trial, and Rule 24, Ala. *316 R.Crim. P., establishes the procedure for invoking that right.
Since the early 1990s, decisions of this Court and the Alabama Supreme Court have held that a motion to withdraw a guilty plea is the functional equivalent of a motion for a new trial under Rule 24, Ala. R.Crim. P.[4] See, e.g., Wallace v. State, 701 So.2d 829, 830 (Ala.1997) (citing Wilson v. State, 659 So.2d 152 (Ala.Crim.App.1994), and Rose v. State, 598 So.2d 1040 (Ala.Crim.App.1992)).
In the ordinary case involving a defendant’s guilty-plea conviction and sentence, the circuit “court has jurisdiction over a motion [to withdraw a guilty plea] if it is filed within 80 days after the entry of the judgment or sentence even if a notice of appeal is also filed, regardless of the order in which the motion and notice of appeal are filed.” Wallace, 701 So.2d at 830 (citing § 12-22-133, Ala.Code 1975; Rule 4(b)(1), Ala. R.App. P.; Rule 24, Ala. R.Crim. P.; and Walker v. State, 652 So.2d 198 (Ala.1994)). Under Rule 24.1(b), Ala. R.Crim. P., a notice of appeal filed after a judgment of conviction and sentence includes not only an appeal of the conviction and sentence, but also “an appeal from the denial of the motion” to withdraw the guilty plea.
The timing of Waters’s appeal, however, is not “ordinary”; rather, the instant notice of appeal was filed years after Waters’s original conviction and sentence because, as a result of obtaining relief in his third Rule 32 petition, Waters was permitted to have a hearing on his original motion to withdraw his guilty plea. As noted, following that hearing at which Waters was represented by counsel, the circuit court entered an order denying Waters’s motion to withdraw his guilty plea. Thus, we must determine whether the circuit court’s December 31, 2012, order denying Waters’s motion to withdraw his guilty plea is an appealable order.
Rule 32.9(c), Ala. R.Crim. P., authorizes the circuit court, if it “finds in favor of the petitioner, ... [to] enter an appropriate order with respect to the conviction, sentence, or detention.” That same subsection also authorizes the circuit court to order “any further proceedings, including a new trial,” and to address “any other matters that may be necessary and proper.” (Emphasis added.) Thus, Rule 32, which provides a procedural vehicle for a defendant to collaterally attack the proceedings that led to his conviction or sentence, authorizes the circuit court to, in essence, reopen the proceedings that led to the petitioner’s conviction and sentence if the petitioner demonstrates he is entitled to relief. Our caselaw illustrates that when a Rule 32 petitioner obtains relief, the proceedings are reopened at the point necessary for the circuit court to address the particular problem in that case.
For example, if a Rule 32 petitioner demonstrates that his sentence is illegal, the circuit court may then reopen the proceedings and resentence the petitioner. See, e.g., McMillian v. State, 934 So.2d 434 (Ala.Crim.App.2005) (granting Rule 32 relief where the petitioner’s sentence was improperly enhanced under the Habitual Felony Offender Act and instructing the circuit court to resentence the petitioner without the application of the Habitual Felony Offender Act). Additionally, if a Rule 32 petitioner shows that his conviction must be overturned then the conviction — and the corresponding sentence for that conviction — will be set aside and the proceedings will continue from *317 that point — additional proceedings could include, for example, a new trial, a guilty plea, or the dismissal of the charges.[5] See, e.g., Riley v. State, 892 So.2d 471 (Ala.Crim.App.2004) (granting Rule 82 relief where the petitioner’s guilty plea was involuntary and instructing the circuit court to set aside the petitioner’s conviction and sentence).
Here, as set out above, Waters’s third Rule 32 petition was directed at a problem that occurred after conviction and sentence. Specifically, Waters argued that he was not represented by counsel at the hearing on his motion to withdraw his guilty plea.[6] Thus, the relief granted by the circuit court in essence reset Waters’s proceedings to a point in time after his-conviction and sentence, but before the July 14, 2005, hearing on Waters’s motion to withdraw his guilty plea. Thus, the hearing conducted on November 19, 2012 — at which Waters was permitted to present evidence in support of his motion to withdraw his guilty plea, was a hearing on Waters’s June 1, 2005, pro se motion to withdraw his guilty plea, and the circuit court’s December 81, 2012, order denying Waters’s motion to withdraw his guilty plea — although occurring nearly eight years after the filing of the motion — is appealable under § 12-22-10, Ala.Code 1975, and Rule 24, Ala. R.Crim. P.
II.
Waters contends that the circuit court erred when it denied his motion to withdraw his guilty plea because, he says, his trial counsel made a “material misrepresentation ... about what punishment [he] would receive if he agreed to plead guilty.” (Waters’s brief, p. 13.)
Although “a misrepresentation by a defendant’s counsel, if material, may render a guilty plea involuntary,” Ex parte Blackmon, 734 So.2d 995, 997 (Ala.1999) (citing Minor v. State, 627 So.2d 1071 (Ala.Crim.App.1992); and Elder v. State, 494 So.2d 922 (Ala.Crim.App.1986)),
“ ‘ “whether to allow a defendant to withdraw his guilty plea rests within the sound discretion of the trial court, and this Court will not overrule that decision on appeal absent an abuse of discretion.” Thacker v. State, 703 So.2d 1023, 1026 (Ala.Crim.App.1997).’ White v. State, 4 So.3d 1208, 1213 (Ala.Crim.App.2008).”
Andrews v. State, 12 So.3d 728, 730 (Ala.Crim.App.2009).
At the November 19, 2012, evidentiary hearing, the circuit court allowed Waters, through his appointed counsel, to present evidence to support his motion to withdraw his guilty plea. At the hearing, Waters testified that his trial counsel told him “that he had a situation worked out where [Waters] could get a 10 split three, three years — a 10 split three, suspended three, a year on probation, and it would be complete, no jail time.”[7] (R. 9.) Waters’s trial *318 counsel testified, however, that “there was no plea agreement to any certain sentence,” that he explained to Waters that there was no plea agreement, and that he explained to Waters that it would be up to the circuit court to decide what the sentence would be. (R. 15-16.) Thus, the evidence presented at the hearing was conflicting, and the circuit court resolved that conflict in the evidence adversely to Waters. Because the circuit “court had before it evidence that would support an order denying [Waters]’s motion to withdraw his guilty plea ... we cannot say the court abused its discretion in denying [Waters’s motion].” Ex parte Blackmon, 734 So.2d at 997.
Accordingly, the judgment of the circuit court is affirmed.
AFFIRMED.
WINDOM, P.J., and WELCH and BURKE, JJ., concur. KELLUM, J., concurs in the result.

. This Court takes judicial notice of the records filed with this Court in Waters’s direct appeal and the appeal from the denial of one of his previous Rule 32 petitions. See Hull v. State, 607 So.2d 369, 371 (Ala.Crim.App.1992); Ex parte Salter, 520 So.2d 213, 216 (Ala.Crim.App.1987).

. Waters filed two previous Rule 32 petitions, which the circuit court denied. Waters did not appeal the circuit court’s denial of his first Rule 32 petition. Waters, however, did appeal the circuit court’s denial of his second Rule 32 petition. This Court affirmed the circuit court's denial of Waters’s second Rule 32 petition by an unpublished memorandum issued on April 14, 2006. See Waters v. State (No. CR-05-0882), 978 So.2d 82 (Ala.Crim.App.2006) (table).

. This Court has frequently held that a defendant who obtains, by way of a Rule 32 petition, the relief of being resentenced may not separately appeal from the order resentencing him; rather, in such circumstances, the only avenue for relief is to file a Rule 32 petition challenging the sentence as illegal. See, e.g., Hart v. State, 939 So.2d 948 (Ala.Crim.App.2005). The reasoning for such a decision, however, is premised on the fact that § 12-22-130, Ala.Code 1975, authorizes an appeal only from a "judgment of conviction” and no other statute authorizes an appeal solely from a resentencing order. As discussed below, however, Waters’s appeal is authorized by statute.

. As such, a motion to withdraw a guilty plea is denied by operation of law after 60 days pursuant to Rule 24.4, Ala. R.Crim. P.

. If upon retrial a defendant is convicted again, he may file another direct appeal of the conviction, and he may not assert double jeopardy as a defense to the "second” conviction. See, e.g., Riley v. State (CR-04-0330, Oct. 21, 2005), 954 So.2d 1141 (Ala.Crim.App.2005) (table) (affirming Riley’s conviction on direct appeal by unpublished memorandum after this Court instructed that Riley’s original conviction and sentence be set aside in Riley v. State, 892 So.2d 471 (Ala.Crim.App.2004)).

. Waters did not contend that he was not represented by counsel when he filed his motion' to withdraw his guilty plea.

. Waters’s sister, Arzell Johnson, testified that Waters’s trial counsel telephoned her and told her that he had “a deal for [Waters].... this ain’t going to be nothing .but a probation.” (R. 24.)