JOINER, Judge.
Patrick Maurice Giles appeals the summary dismissal, by the Montgomery Circuit Court, of his second petition for postconviction relief filed pursuant to Rule 32, Ala. R. Crim. P., in which he alleged, among other things, that he was entitled to an out-of-time appeal of the dismissal of his first Rule 32 petition.
Giles pleaded guilty in May 2015 to first-degree robbery, see § 13A-8-41, Ala. Code 1975; he was sentenced to 240 months' imprisonment for that conviction. Giles filed the instant Rule 32 petition, his second, on May 12, 2016, and asserted several grounds for relief. Those grounds included claims attacking the underlying conviction as well as a claim that Giles was entitled to an out-of-time appeal from the dismissal of his first Rule 32 petition. The circuit court summarily dismissed the second Rule 32 petition, and Giles appealed to this Court.
On original submission, Giles reiterated his claim that he was entitled to an out-of-time appeal from the dismissal of his first Rule 32 petition, which occurred on October 30, 2015. Giles alleged that, through no fault of his own, he did not receive notice of the dismissal until April 18, 2016, and therefore failed to file a timely notice of appeal.[1] See Rule 32.1(f), Ala. R. Crim. P.
In a January 27, 2017, order remanding the cause with instructions, this Court noted that, although the State had filed a motion to dismiss the second Rule 32 petition, the State had not specifically refuted Giles's allegations regarding an out-of-time appeal of the dismissal of the first Rule 32 petition. This Court further noted that, in its order dismissing Giles's second Rule 32 petition, the circuit court had not specifically *613 addressed Giles's claim regarding an out-of-time appeal. Accordingly, because the claim appeared to be sufficiently pleaded, see Rule 32.3, Ala. R. Crim. P., this Court remanded this matter to the circuit court for that court to allow Giles an opportunity to prove his claim seeking an out-of-time appeal.
On remand, the circuit court held an evidentiary hearing and subsequently entered an order granting Giles an out-of-time appeal of the dismissal of his first Rule 32 petition. Thus, Giles has been granted relief on one of the claims in his second Rule 32 petition-i.e., his claim that he was entitled to an out-of-time appeal from the dismissal of his first Rule 32 petition.
Ordinarily, when a petitioner is granted the relief he or she has requested, this Court will dismiss the petitioner's appeal. Giles's case, however, differs from such cases because his second Rule 32 petition, in addition to the claim seeking an out-of-time appeal, presents other claims asserting grounds for relief under Rule 32.1.
Rule 32.1, Ala. R. Crim. P., provides several grounds for relief. It states, in relevant part:
"Subject to the limitations of Rule 32.2, [Ala. R. Crim. P.,] any defendant who has been convicted of a criminal offense may institute a proceeding in the court of original conviction to secure appropriate relief on the ground that:
"(a) The constitution of the United States or of the State of Alabama requires a new trial, a new sentence proceeding, or other relief.
"(b) The court was without jurisdiction to render judgment or to impose sentence.
"(c) The sentence imposed exceeds the maximum authorized by law or is otherwise not authorized by law.
"(d) The petitioner is being held in custody after the petitioner's sentence has expired.
"(e) Newly discovered material facts exist which require that the conviction or sentence be vacated by the court ....
"....
"(f) The petitioner failed to appeal within the prescribed time from the conviction or sentence itself or from the dismissal or denial of a petition previously filed pursuant to this rule and that failure was without fault on the petitioner's part.
"A petition that challenges multiple judgments entered in more than a single trial or guilty-plea proceeding shall be dismissed without prejudice."
In Banville v. State, [Ms. CR-15-1384, March 17, 2017] --- So.3d ---- (Ala. Crim. App. 2017), this Court discussed the nature of a claim under Rule 32.1(f) and how such a claim differs from the other grounds for relief stated in Rule 32.1.[2] We noted:
"The relief sought by a petitioner pursuant to Rule 32.1(f) seeking an out-of-time appeal differs completely from the relief from a conviction and sentence, or an illegal sentence, that a petitioner would seek under Rules 32.1(a) through 32.1(e). A petition seeking relief under Rule 32.1(f) does not challenge the underlying conviction or sentence. It only formally requests the trial court to find *614 that the petitioner had failed to file an appeal from a conviction and sentence, or a previous Rule 32 petition, because the petitioner had failed to perfect an appeal through no fault of his own."
--- So.3d at ---- (emphasis added). As to whether a first petition alleging a claim under Rule 32.1(f) would preclude as successive a subsequent petition alleging other grounds, we noted:
" Rule 32.2(b) precludes a successive petition where the petitioner has previously 'filed a petition that challenges any judgment.' Because a petition seeking an out-of-time appeal pursuant to 32.1(f) does not challenge any judgment,[3 ] a second petition following it would not be successive under the plain language of Rule 32.2(b)."
--- So.3d at ---- n. 2 (emphasis added).
Thus, a claim under Rule 32.1(f) -as one that "differs completely from the relief ... that a petitioner would seek under Rules 32.1(a) through 32.1(e)," Banville, --- So.3d at ---- may properly be construed as an alternative ground for relief when accompanied by additional claims under Rules 32.1(a) through 32.1(e). Here, as noted above, Giles has been granted relief on his claim under Rule 32.1(f) for an out-of-time appeal of the dismissal of his first Rule 32 petition. As a result, Giles's first Rule 32 proceedings have been reopened, and he has been permitted to file an appeal of those proceedings. See Waters v. State, 155 So.3d 311, 316 (Ala. Crim. App. 2013) ("Rule 32 ... authorizes the circuit court to, in essence, reopen the proceedings that led to the petitioner's conviction and sentence if the petitioner demonstrates he is entitled to relief. Our caselaw illustrates that when a Rule 32 petitioner obtains relief, the proceedings are reopened at the point necessary for the circuit court to address the particular problem in that case.").
Because the first Rule 32 proceedings have been reopened as a result of Giles's obtaining an out-of-time appeal of the dismissal of his first Rule 32 petition, the circuit court should hold in abeyance the remaining claims in Giles's second Rule 32 petition pending the outcome of the appeal of his first Rule 32 petition. Cf. Ex parte Bogan, 814 So.2d 305, 305-06 (Ala. Crim. App. 2001) ("The circuit court had no jurisdiction to dismiss the [petitioner's second] petition while the dismissal of [the petitioner's first] petition was pending on direct appeal. See Barnes v. State, 621 So.2d 329 (Ala. Crim. App. 1992). ' "The general rule is that jurisdiction of one case cannot be in two courts at the same time." ' Rogers v. State, 782 So.2d 847 (Ala. Crim. App. 2000), quoting Ex parte Hargett, 772 So.2d 481 (Ala. Crim. App. 1999)."). Accordingly, that part of the circuit court's judgment dismissing the claims in the second Rule 32 petition other than the claim seeking an out-of-time appeal is due to be reversed.
That part of Giles's appeal challenging the dismissal of his claim for an out-of-time appeal is dismissed, because Giles has obtained relief on that claim. As to the remaining claims raised in Giles's second Rule 32 petition, the circuit court's judgment is reversed, and that court is directed to hold those claims in abeyance until after Giles has had the opportunity to pursue an appeal from the judgment dismissing his first Rule 32 petition.
*615 APPEAL DISMISSED IN PART; JUDGMENT REVERSED IN PART.
Welch and Burke, JJ., concur. Windom, P.J., concurs in part and dissents in part, with opinion. Kellum, J., dissents, with opinion.

In support of this claim, Giles submitted (1) a March 17, 2016, motion he had filed requesting that counsel be appointed in the proceedings initiated by his first Rule 32 petition and (2) a letter from the circuit court informing Giles that it was "not sure why [he had] filed this [motion] to appoint counsel" because his petition had been summarily dismissed on October 30, 2015. (C. 35.)

In Banville, a petitioner, in response to his first Rule 32 petition, had been granted an out-of-time appeal of his conviction and sentence. After his conviction and sentence were subsequently affirmed in the out-of-time appeal, he filed a second Rule 32 petition alleging that his trial counsel had been ineffective. That petition, however, was dismissed as successive. On appeal, this Court reversed the judgment dismissing the second Rule 32 petition.

Because a claim seeking an out-of-time appeal under Rule 32.1(f)"does not challenge any judgment," Banville, --- So.3d at ---- n. 2, Giles's second petition could not have been dismissed without prejudice as "[a] petition that challenges multiple judgments entered in more than a single trial or guilty-plea proceeding." Rule 32.1, Ala. R. Crim. P.