Rel: September 26, 2025

**Notice:** This opinion is subject to formal revision before publication in the advance sheets of **Southern Reporter**. Readers are requested to notify the **Reporter of Decisions**, Alabama Appellate Courts, 300 Dexter Avenue, Montgomery, Alabama 36104-3741 ((334) 229-0650), of any typographical or other errors, in order that corrections may be made before the opinion is published in **Southern Reporter**.

# Alabama Court of Criminal Appeals

## OCTOBER TERM, 2024-2025

_____

### CR-2024-0831

_____

### Ivan Quintel Metcalf

### v.

### State of Alabama

### Appeal from Lawrence Circuit Court
### (CC-07-459)

ANDERSON, Judge.

Ivan Quintel Metcalf appeals his guilty-plea conviction in the Lawrence Circuit Court for felony murder and his resulting sentence as a habitual felony offender, with one prior felony conviction, to life imprisonment. Metcalf was originally indicted on one count of capital

murder, a violation of § 13A-5-40(a)(2), Ala. Code 1975. On September 10, 2009, Metcalf pleaded guilty to the offense of felony murder.

On October 14, 2009, Metcalf filed a pro se "Motion to Withdraw Plea Agreement," in which he argued that the "range of punishment" in his case was "totally unfair and unjust," and he indicated that he wished to reinstate his plea of not guilty. (C. 199.) The circuit court, without holding a hearing, issued an order denying Metcalf's motion to withdraw his guilty plea.

Over the following years, the record on appeal indicates Metcalf filed several postjudgment motions and petitions seeking relief in both the circuit court and this Court. In January 2019, Metcalf filed a Rule 32, Ala. R. Crim. P., petition for postconviction relief in which he challenged his guilty-plea conviction and resulting sentence. (C. 497.) Metcalf amended that petition to allege that he had been denied his right to counsel at a critical stage of the proceedings, namely, at the time the circuit court denied his pro se motion to withdraw his guilty plea. (C. 626.) On March 7, 2024, the circuit court held an evidentiary hearing on the petition and, on the following day, issued an order granting Metcalf relief on the claim that Metcalf had been improperly denied the right to

counsel during a critical stage of the proceedings. (C. 671-72.) In that order, the circuit court afforded Metcalf the "opportunity to file a new motion to withdraw his guilty plea with the assistance of counsel" if he wished to do so. (C. 672.)

On April 1, 2024, Metcalf, with the assistance of counsel, filed a motion to withdraw his guilty plea. In that motion, Metcalf alleged: 1) that he had not been properly advised of the elements of the charge to which he had pleaded guilty because, he says, the circuit court had not explained the elements of robbery or the elements of complicity; 2) that he had not been properly informed of the range of punishment for the charge to which he had pleaded guilty; 3) that the had State failed to make a strong showing of guilt required for a best-interest plea; 4) that the circuit court's plea colloquy had failed to comply with Rule 14.4, Ala. R. Crim. P.; and 5) that he had been denied the effective assistance of counsel during the guilty-plea proceedings because, he said, his counsel had a conflict of interest, had failed to meet with him to prepare a defense, and had failed to allow him to view requested evidence.

The State responded to Metcalf's motion to withdraw his guilty plea, arguing that Metcalf was not entitled to relief because the guilty-

3

plea colloquy had complied with Rule 14.4 and because there had been a sufficient factual basis presented for the entry of Metcalf's plea of guilty. (C. 408-10). The State also contended that Metcalf had been charged as a principal actor, not as an accomplice, and that the circuit court's colloquy had confirmed that Metcalf understood the charge against him and the proper range of punishment before accepting his guilty plea.

On September 12, 2024, the circuit court issued an order denying Metcalf's motion to withdraw his guilty plea. The circuit court found:

> "1. That the Defendant clearly understood the elements of the charge for which he was pleading. …
>
> "2. That it is clear from the facts set forth by the State in the colloquy that the Defendant was being prosecuted as a principal actor and not as an accomplice. …
>
> "3. That, given the fact that the Court found that the plea was 'dramatically' in the Defendant's favor given the facts as stated by the State, the State was able to make a strong showing of guilt. …
>
> "4. That the parties stipulated that the Defendant had one prior felony and the Defendant was apprised of the effect this would have on the possible range of sentence incident to his plea agreement. …
>
> "5. That the Defendant was informed of the range of punishment he was facing prior to his plea. …
>
> "6. That the Court's colloquy was fully compliant with Rule 14.4 of the Alabama Rules of Criminal Procedure.

4

"7. [That the] Defendant knowingly, intelligently and voluntarily signed his Explanation of Rights form and entered a plea of guilty. ...

"8. That the Defendant was not denied effective assistance of counsel and had highly competent, conflict-free counsel representing him ..."

(C. 455-56.) The circuit court attached a copy of a transcript of Metcalf's guilty-plea proceedings to its order. (C. 457-483.) Metcalf filed a notice of appeal on October 23, 2024.

On appeal, Metcalf argues that the circuit court should have granted his motion to withdraw his guilty plea because, he says, his guilty plea was involuntary and he was denied the effective assistance of counsel when the circuit court initially denied his October 14, 2009, motion to withdraw his guilty plea. However, although neither Metcalf nor the State addresses the propriety of this Court's jurisdiction on appeal, this Court must initially determine, as a threshold issue, whether we may exercise jurisdiction over Metcalf's appeal. See Riley v. Hughes, 17 So. 3d 643, 648 (Ala. 2009) (quoting Baldwin Cnty. v. Bay Minette, 854 So. 2d 42, 45 (Ala. 2003), quoting in turn Stamps v. Jefferson Cnty. Bd. of Educ., 642 So. 2d 941, 945 n.2 (Ala. 1994)) (stating

that appellate courts are "'"duty bound to notice ex mero motu the absence of subject matter jurisdiction."'").

Metcalf's Rule 32 petition for postconviction relief, as amended, addressed whether he had been denied the right to counsel when he filed his pro se motion to withdraw his guilty plea on October 14, 2009. The circuit court granted Metcalf relief on March 8, 2024, and afforded him an opportunity to file a new motion to withdraw his guilty plea with the assistance of counsel. Previously, this Court has held that "'[o]ur caselaw illustrates that when a Rule 32 petitioner obtains relief, the proceedings are reopened at the point necessary for the circuit court to address the particular problem in that case.'" Wright v. State, 324 So. 3d 416, 419 (Ala. Crim. App. 2020) (quoting Waters v. State, 155 So. 3d 311, 316 (Ala. Crim. App. 2013)).

In Waters, this Court applied Rule 24, Ala. R. Crim. P., to a case in which the petitioner had obtained postconviction relief pursuant to a Rule 32 petition and, "in essence[, had] reset" the case to a point in time after the petitioner's conviction and sentence but before proceedings on his motion to withdraw his guilty plea. 155 So. 3d at 317. Under the reasoning employed by this Court in Waters, therefore, Rule 24 applied

to Metcalf's case following the circuit court's granting of relief pursuant to his Rule 32 petition.

Additionally, this Court has held that "[a] motion to withdraw a guilty plea is the functional equivalent of a motion for a new trial." Wells v. State, 381 So. 3d 508, 510 (Ala. Crim. App. 2022) (citing P.B. v. State, 366 So. 3d 989, 991 n.3 (Ala. Crim. App. 2022)); see also Waters, 155 So. 3d at 316; Rose v. State, 598 So. 2d 1040, 1044-45 (Ala. Crim. App. 1992). Rule 24.4 provides, in pertinent part:

> "No motion for new trial or motion in arrest of judgment shall remain pending in the trial court for more than sixty (60) days after the pronouncement of sentence, except as provided in this section. A failure by the trial court to rule on such a motion within the sixty (60) days allowed by this section shall constitute a denial of the motion as of the sixtieth day; provided, however, that with the express consent of the prosecutor and the defendant or the defendant's attorney, which consent shall appear in the record, the motion may be carried past the sixtieth day to a date certain …."

Here, after the circuit court granted Metcalf's Rule 32 petition, Metcalf filed a motion to withdraw his guilty plea, with the assistance of counsel, on April 1, 2024. Thus, pursuant to Rule 24.4, Metcalf's motion was deemed denied by operation of law as of May 31, 2024, the 60th day following its filing. That constructive denial of the motion to withdraw his guilty plea was appealable pursuant to Rule 24, and, consequently,

7

the time for filing a notice of appeal began running on that date. <u>Waters</u>, 155 So. 3d at 317; <u>Howlet v. State</u>, 801 So. 2d 25, 28 (Ala. Crim. App. 1999) (holding that time for appeal ran from date that motion for new trial was "deemed denied"), <u>rev'd on other grounds</u>, <u>Ex parte Howlet</u>, 801 So. 2d 30 (Ala. 2000).

Although the circuit court issued an order purporting to deny Metcalf's motion to withdraw his guilty plea on September 12, 2024, the circuit court lacked jurisdiction to enter that order because it was entered more than 60 days after Metcalf filed his motion. Rule 4(b)(1), Ala. R. App. P., states, in part:

> "In a criminal case a notice of appeal by the defendant shall be filed with the clerk of the trial court within 42 days (6 weeks) after pronouncement of the sentence, provided that the notice of appeal may be oral, as provided in Rule 3(a)(2)[, Ala. R. App. P.] A notice of appeal filed after the announcement of a decision or order, but before pronouncement of the sentence, shall be treated as having been filed after pronouncement of the sentence and on the day thereof. <u>If a motion in arrest of judgment, motion for new trial, or motion for judgment of acquittal has been filed within 30 days from pronouncement of the sentence, an appeal may be taken within 42 days (6 weeks) after the denial or overruling of the motion</u>."

(Emphasis added.) To properly invoke the appellate jurisdiction of this Court, Metcalf was required to file his notice of appeal within 42 days of

8

the date his postjudgment motion was denied by operation of law. Forty-two days from May 31, 2024, was July 12, 2024. Metcalf did not file his notice of appeal until October 23, 2024, well after the expiration of the period for timely filing a notice of appeal in this case. "'Timely filing of notice of appeal is a jurisdictional requisite, and the appeal must be dismissed for lack of jurisdiction if notice of appeal was not timely filed.'" Holt v. State, 628 So. 2d 1038, 1040 (Ala. Crim. App. 1993) (quoting Woods v. State, 371 So. 2d 944, 945 (Ala. 1979)). See also Rule 2(a)(1), Ala. R. App. P. ("An appeal shall be dismissed if the notice of appeal was not timely filed to invoke the jurisdiction of the appellate court.").

Consequently, because Metcalf's notice of appeal was untimely, the jurisdiction of this Court was not invoked, and, therefore, this appeal must be dismissed.

APPEAL DISMISSED.

Windom, P.J., and Kellum, Cole, and Minor, JJ., concur.